HARRY SHARF, Trading under Firm Name and Style of the SHARF SIGN COMPANY, Appellant, *v.* MISHKEN DRUG CORPORATION and Another, Respondents.

Supreme Court, Appellate Term, Second Department, January Term, 1930.

*Samuel Rabinowitz,* for the appellant.

*Frances Kneitel,* for the respondent Mishken Drug Corporation.

*Morton L. Deitch,* for the respondent Neve Drug Stores.

PER CURIAM. Judgment and order in favor of the Neve Drug Stores, Inc., affirmed, with twenty-five dollars costs. Judgment and order in favor of the Mishken Drug Corporation unanimously reversed upon the law and new trial granted as to that defendant, with thirty dollars costs to appellant to abide the event.

There is no basis of liability against the defendant Neve Drug Stores, Inc. There is no privity of either estate or contract between it and the plaintiff, and it was in no way legally responsible for the breach of plaintiff's agreement with the other defendant. The dismissal of the complaint as to this company was, therefore, proper. By written agreement, the Mishken Drug Corporation gave plaintiff the right to maintain signs, from which he derived a profit, in front of a certain building for a period of five years. This agreement was given for a good consideration and has been broken. Even though the plaintiff acquired only a license, as he concedes, he is entitled to recover his damages for the breach of the agreement by the Mishken Drug Corporation. ( *United Merchants Realty & Improvement Co.* v. *American Bill Posting Co.*, 71 Misc. 457, 458, 459; *Matter of Trustees of Village of White Plains*, 124 App. Div. 1, 3; *Beer* v. *Canary*, 2 id. 518; *Lynch* v. *Murphy Hotel Co.*, 130 id. 691, 692; *Whitmarsh* v. *Walker*, 1 Metc. [Mass.] 313.) The cases cited by respondent which it is claimed are in conflict with this holding, may be distinguished on the ground either that the license was not for a definite time, or was not given for a consideration.

All concur; present, CROPSEY, MacCRATE and LEWIS, JJ.