Arnold Becker, Police Justice.
This is a suit for damages arising out of a claim for $107.50 alleged to be due the Birken Scale Co. for repairs made to two (2) Detecto scales owned by Valley Feed & Supply Co., Inc.
The following facts are admitted:
George Plitt, President of Valley Feed telephoned Detecto Scale Co., Inc., and asked that they repair two Detecto scales. M. M. Birken, a representative of Detecto Scales, Inc., picked *706 up the scales and delivered them to Bloodgood Scale Company of Brooklyn, an authorized subcontractor of Detecto Scales, Inc., for repairs. The scales were returned and in transit one was bent. It was again taken away by Mr. Birken and returned repaired.
There is now no claim that the scales are not in good working order, or that the bill was unreasonable.
This suit was brought about when Valley Feed & Supply Co., Inc., received the bill for the repairs from Birken Scale Co., a firm with whom they had never done business. Birken Scale Co. belongs to M. M. Birken, the representative of Detecto Scale Co.
Valley Feed refused to pay the bill on the ground that they hired Detecto Scales, Inc., to make the repairs and not Birken Scale Co.
The bill of $107.50 was submitted on a billhead of Birken Scale Co., which bore the legend, “ Field Engineer Detecto Scales, Inc.”.
It was submitted by Birken that all repair work done by Detecto Scales, Inc., or their subcontractors is billed to the representative, who in turn bills the customer. This is what apparently happened in this case.
The sole question before this court is whether there is any contract, either expressed, implied in fact, or implied in law on which this plaintiff can recover.
Admittedly there was not any express contract between the litigants. Since the first time Valley Feed became aware there was a subcontractor involved was when the bill was rendered, I do not think the circumstances are such as to warrant any inference from the acts of the parties that there was a contract implied in fact. However, if a party has unjustly enriched himself at the expense of another, the law will impose an obligation on him.
In Miller v. Schloss (218 N. Y. 400, 407) the court said: “ A quasi or constructive contract rests upon the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. In truth it is not a contract or promise at all. It is an obligation which the law creates, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it * * *. Duty and not a promise or agreement or intention of the person sought to be charged, defines it.” (Italics supplied.)
*707 Here, where the scales have been repaired, and used by the defendant, it is the opinion of this court that there is a contract implied in law, and an obligation to pay the bill.
Judgment for the plaintiff, Birken Scale Co., in the sum of $107.50 together with $4.50 costs, is hereby granted.