Thomas J. Klei, J.
After trial, the court makes the following findings of fact:
The defendant’s husband, Albert Teichner, secured from the plaintiff the installation of a telephone station and facilities. A separation was effected between defendant and her husband, said Albert Teichner, in December, 1970. Prior to that time, all charges for such station and facilities were rendered against, and paid for, by the husband.
Thereafter, and prior to the 4th day of May, 1971, as alleged by the plaintiff, the defendant used said station and facilities thereby incurring liability for the cost of such services which the plaintiff seeks now to enforce.
The defendant, in her answer, denies the plaintiff’s allegations concerning her use of the station and facilities and that the amounts claimed by the plaintiff are due and owing to the plaintiff.
1 ‘ The obligation of contracts is in general limited to the parties making them. Only those who are parties are liable for a breach of contract. Parties to a contract cannot impose any liability upon a stranger to the contract under its terms.” (10 N. Y. Jur., 'Contracts, § 231).
The basis of liability under a contract is privity between the parties to the contract. The court so held in Sharf v. Mishken Drug Corp. (140 Misc. 71) declaring that the decision in the lower court dismissing the complaint was proper on a failure of the plaintiff to show his having privity of estate or contract with the defendant, and that the defendant was not responsible for the breach of the plaintiff’s contract.
A similar result was obtained in People v. New York World’s Fair 1939 (259 App. Div. 739, affd. 286 N. Y. 587). The court granted a motion dismissing a complaint against the defendants who were sublessees. The defendant was found not to ]ie a party to the lease and not a tenant of the plaintiff; that, there *137 fore, they were not liable to the plaintiff for rent or for a breach of the lease in any respect.
A situation involving an express contract between two parties generally will not support an implied in fact liability to a third party to the contract to pay for such services (Birken Scale Co. v. Valley Feed & Supply Co., 31 Misc 2d 705) even though benefits were derived by the third party (Woodruff v. Rochester & Pittsburgh R. R. Co., 108 N. Y. 39). A landowner had the benefit of a subcontractor’s services pursuant to a contractual obligation with a general contractor. The court ruled that he was not liable for the services unless he in some way agreed to pay therefor.
A contract cannot be implied in fact where the facts are inconsistent with its existence; or against the declarations of the party to be charged; or where there is an express contract covering the subject matter involved. The assent of the person to be charged is necessary, and unless he has conducted himself in such a manner that his assent may fairly be inferred he has not contracted (Miller v. Schloss, 218 N. Y. 400).
To imply the existence of obligation based on quasi contract, it should be found that the defendant was a wrongdoer. “ There is a class of cases where the law prescribes the rights and liabilities of persons who have not in reality entered into any contract at all with one another, but between whom circumstances have arisen which make it just that one should have a right, and the other should be subject to a liability similar to the rights and liabilities of express contract. Thus, if one man has obtained money from another, through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass, such money may be recovered back, for the law implies a promise from the wrong-doer to restore it to the rightful owner, although it is obvious that this is the very opposite of his intention.” (People ex rel. Dusenbury v. Speir, 77 N. Y. 144, 150.)
There is not the slightest hint of oppression, imposition, extortion, or deceit, or the commission of a trespass to support a finding of a promise implicit in the wrongful acts of the defendant.
If the basis of the plaintiff’s action stems from the defendant’s relationship to Albert Teichner, then rules of law applicable to the marital relationship must control.
The obligation of a husband to provide support for his wife continues until his death or as long as the marital relation is not dissolved by a decree of divorce or separation. It ceases when such a decree is made except as otherwise provided in the *138 decree (People v. Schenkel, 258 N. Y. 224). The obligation continues even though the parties live apart provided the separation is not the fault of the wife (Harrigan v. Cahill, 100 Misc. 48).
The husband is required to provide support and the wife may contract for goods or services upon his failure to provide the necessaries consistent with her personal use and suitable to her condition in life (Gimbel Bros. v. Steinman, 202 Misc. 858). Necessaries which are purchased by the wife, and for which the husband will be held liable are those items and supplies which are needed for the wife’s maintenance and existence, and her personal use, suitable to her position in life (Gimbel Bros. v. Steinman, supra).
Whether or not telephone services qualify as necessaries is established by the customary mode of living enjoyed by the husband and wife, and if needed in the wife’s present situation for her personal use. The telephone, amongst other common household needs, such as gas and electricity charges, clothing and wearing apparel and the like are specifically listed as necessaries in Tausik v. Tausik (38 Misc 2d 11, 24).
The defendant’s conduct did not manifest the necessary assent to a contractual relationship with the plaintiff that would support a finding of an implied contract; nor was the defendant’s conduct such as to evidence a wrongdoing in the nature of imposition, extortion, oppression, trespass or mistake which resulted in unjust enrichment and supplied the grounds for restitution under the concept of quasi contract.
A wife cannot be held personally liable for necessaries chargeable against her husband in the absence of a special agreement to be liable therefor personally or to become a surety or guarantor (Dawson v. Greenberg, 5 A D 2d 744).
Fundamentally, a contract for telephone services does exist, but the parties to the contract are plaintiff and the defendant’s husband. Neither privity of estate nor contract exists between the plaintiff and the defendant. The defendant is not a party to the contract and should not be held liable thereon.
Judgment is awarded to the defendant. Complaint dismissed.