■ KAPRAL'S TIRE SERVICE, INC., Respondent, v AZTEK TREAD CORPORATION, Doing Business as AMERICAN TREAD CORP., Defendant, and MONTGOMERY WARD & COMPANY, Appellant. Memorandum: The court erred in denying defendant's motion for summary judgment.

The facts indicate that Aztek Tread Corporation, doing business as American Tread Corp. (Aztek) entered into a contract with defendant Montgomery Ward & Company agree-

ing to sell and deliver to Montgomery Ward certain quantities of retread tires. To fulfill this contract, Aztek contracted with plaintiff Kapral's Tire Service, Inc. (Kapral) whereby Aztek would purchase tires from Kapral. Montgomery Ward was not in any way involved in the contract between Aztek and Kapral. Indeed, the Kapral/Aztek contract contained a provision that plaintiff Kapral would "undertake no responsibility for marketing, collection of accounts receivable or selling of the tires subject to this Agreement." This contract, to which defendant was not a party, provided nothing more than that Aztek would purchase a stated number of tires per month from Kapral at an agreed-upon price. In fulfillment of the contract between Aztek and Kapral, the latter shipped some $30,000 worth of tires to various Montgomery Ward stores, thus effectuating the contract between Aztek and Montgomery Ward. Kapral sought payment for the tires from Aztek pursuant to the contract between them, but was unsuccessful, as were attempts to serve process on Aztek. (There is some indication in the record of alleged insolvency of Aztek.)

Plaintiff commenced the instant action against defendant Montgomery Ward for breach of contract and goods sold and delivered. The latter admitted contracting with Aztek for the purchase of tires, but, among other defenses, denied any contractual relationship with plaintiff and moved for summary judgment.

Clearly, plaintiff cannot recover on any theory of express contract since none existed between it and Montgomery Ward, nor may plaintiff enforce Montgomery Ward's contract with Aztek since plaintiff has no privity of contract with Aztek.

Plaintiff next asserts that conversations between it and representatives of Montgomery Ward may form the basis of a contract implied in fact. Nothing in this record supports this theory. Contracts implied in fact are "true contracts which rest upon an implied promise in fact * * * A contract cannot be implied *in fact* where the facts are inconsistent with its existence; or against the declaration of the party to be charged; or where there is an express contract covering the subject-matter involved; or against the intention or understanding of the parties; or where an express promise would be contrary to law" (*Miller v Schloss*, 218 NY 400, 406-407; *New York Tel. Co. v Teichner*, 69 Misc 2d 135, 137). In the present case, the actions of the parties do not support the existence of a contract between Montgomery Ward and Kapral, and there is an express contract covering the subject matter involved.

Finally, plaintiff's reliance upon a theory of a contract

implied in law is equally unavailing. "To recover in *quasi* contract, plaintiff must prove that it performed work or services for defendant which resulted in defendant's unjust enrichment" *(Schuler-Haas Elec. Corp. v Wager Constr. Corp.,* 57 AD2d 707; *see generally,* 22 NY Jur 2d, Contracts, § 448). Plaintiff cannot show unjust enrichment by Montgomery Ward. It attempts to accomplish this by raising a question of whether Montgomery Ward actually paid Aztek for the tires it received, and seeks to preserve the issue for further discovery.

Whether Montgomery Ward has paid Aztek for the tires is irrelevant to the present action. Aztek has a binding, enforceable contract with Montgomery Ward under which it is entitled to payment for the tires, and Montgomery Ward is not getting "something for nothing", as plaintiff asserts. Moreover, a buyer for Montgomery Ward, in a sworn affidavit, declares that payment has been made to Aztek. (Appeal from order of Supreme Court, Steuben County, Curran, J.—summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Boomer and Schnepp, JJ.