■ RUSSELL J. KAGAN et al., Respondents, v K-TEL ENTERTAINMENT, INC., Defendant, and HAL ROACH ENTERTAINMENT, INC., et al., Appellants.—Order of the Supreme Court, New York County (William Davis, J.), entered December 22, 1989, which denied defendant Metro-Goldwyn-Mayer/United Artists Entertainment Company's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of said defendant dismissing the complaint as to it.

Plaintiffs International Program Consultants, Inc. ("IPC") and its principal shareholder, officer and director, Russell J. Kagan, were engaged by defendant K-Tel Entertainment, Inc. ("K-Tel") to place a pilot and locate a distributor for a successful television series entitled "Kids, Incorporated." Plaintiffs placed the series with defendant Metro-Goldwyn-Mayer/United Artists Entertainment Company ("MGM/UA") which entered into a written agreement with K-Tel dated February 8, 1984 pursuant to which MGM/UA agreed to pay certain fixed amounts for each episode.

It does not appear that the agreement between K-Tel and plaintiffs was ever reduced to writing. However, IPC was paid $15,000 for the sale of the pilot by K-Tel, which also paid a $10,000 advance towards sums due on the first eight programs in the series. K-Tel had produced only those eight episodes

when it fell into financial difficulty. MGM/UA thereupon notified K-Tel that it intended to remove it as producer of the series pursuant to paragraph 12 of their agreement. At this time, MGM/UA had paid K-Tel all monies due under the written agreement.

In an attempt to cure its default under the contract with MGM/UA, K-Tel assigned its rights and obligations thereunder to Hal Roach Entertainment, Inc. ("Roach"). MGM/UA was not a party to the assignment agreement but, in a separate agreement signed by K-Tel, Roach and MGM/UA, it agreed to the substitution of Roach as producer in K-Tel's stead. On October 25, 1984, K-Tel filed a voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code (11 USC). Plaintiffs, in their brief, state that Roach has now also filed a similar petition.

In this action, plaintiffs seek to recover from MGM/UA the amount allegedly agreed to be paid to them by the producer (K-Tel and, later, Roach), that is, 10 percent of the amount paid by MGM/UA for the entire series of some 26 episodes. While plaintiffs purport to state six causes of action, the gravamen of their complaint is that MGM/UA received the benefits associated with being the distributor for the series and should therefore be held liable to plaintiffs for their 10 percent fee on a theory of unjust enrichment.

Plaintiffs' claim is without merit. As reflected in the common law of the various states, to recover under a theory of quasi contract, a plaintiff must demonstrate that services were performed *for the defendant* resulting in its unjust enrichment *(Kapral's Tire Serv. v Aztek Tread Corp.,* 124 AD2d 1011, 1013). It is not enough that the defendant received a benefit from the activities of the plaintiff *(Armstrong v I.T.T.S. Corp.,* 10 AD2d 711); if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery *(Citrin v Columbia Broadcasting Sys.,* 29 AD2d 740). Plaintiffs have offered no authority which indicates that California law is any different in this regard *(see, Truestone, Inc. v Simi W. Indus. Park II,* 163 Cal App 3d 715, 209 Cal Rptr 757; *Neptune Gunite Co. v Monroe Enters.,* 229 Cal App 2d 439, 40 Cal Rptr 367).

The case of *Callano v Oakwood Park Homes Corp.* (91 NJ Super 105, 219 A2d 332) is illustrative. There, the plaintiff planted shrubbery on property owned by the defendant at the request of one Pendergast who was the contract vendee. Pendergast died without paying for the shrubbery, his estate

cancelled the contract of sale, and the defendant sold the lot, improved with the plaintiff's shrubbery, to another buyer. It was held that the defendant's enrichment was not unjust because the plaintiff expected payment from Pendergast, not the defendant, and because there was no privity of contract between the plaintiff and the defendant.

The matter under review is not distinguishable. Plaintiffs performed services at the request of K-Tel, locating MGM/UA as distributor for the series. K-Tel went bankrupt without making full payment under its contract with plaintiffs, Roach was substituted as producer, and defendant MGM/UA continued distribution of the series. Plaintiffs expected payment from K-Tel and lacked privity of contract with MGM/UA.

Plaintiffs' obvious remedy was to pursue their claim against K-Tel in the bankruptcy proceeding. Their failure to do so gives them no right to proceed against MGM/UA, just as the plaintiff's failure in *Callano (supra)* to pursue a claim against Pendergast's estate afforded no right to proceed against the seller of the property.

The assignment by K-Tel to Roach of its production agreement with MGM/UA likewise provides no basis for recovery. The mere acquiescence in the assignment by MGM/UA does not imply any obligation to assume duties owed by either the assignee or the assignor under K-Tel's separate agreement with plaintiffs. Even if, as plaintiffs assert, MGM/UA could be considered a party to the assignment, in the absence of an express assumption of those duties, it incurred no obligation. As the rule has been stated: "The mere assignment of a bilateral executory contract may not be interpreted as a promise by the assignee to the assignor to assume the performance of the assignor's duties, so as to have the effect of creating a new liability on the part of the assignee to the other party to the contract assigned" *(Langel v Betz,* 250 NY 159, 161-162). Moreover, plaintiffs do not explain why MGM/UA, which has paid the producer (K-Tel and, later Roach) pursuant to the production contract, should be required to make a duplicate payment of the amount of plaintiffs' fee, which is the producer's obligation.

Plaintiffs' other contentions have been examined and found to be without merit. Concur—Carro, J. P., Rosenberger, Ellerin, Kassal and Rubin, JJ.