*335 OPINION OF THE COURT
Per Curiam.
Order dated December 17, 1998 reversed with $10 costs, and the motion by defendant Cybergenics America, L. L. C. to dismiss the complaint as to it is granted.
Defendant-appellant Cybergenics engaged codefendant Kaleidoscope to produce television programming in connection with certain intellectual property owned by Cybergenics. Pursuant to the written agreement between Cybergenics and Kaleidoscope, the production costs were funded by Cybergenics and Kaleidoscope was paid a monthly retainer. Plaintiff, a film editor, was solicited by Kaleidoscope and its agent, codefendant Artisan, to work on the property. Plaintiff billed Kaleidoscope for these services. When the project was completed and plaintiff was not paid, it sued Kaleidoscope and Artisan for breach of express contract. Cybergenics was also sued, on the theories of unjust enrichment and quantum meruit. Civil Court denied Cybergenics’ dismissal motion for lack of proof that no benefit was conferred on it by plaintiffs services.
We reverse on the authority of Kagan v K-Tel Entertainment (172 AD2d 375 [1st Dept]). As there stated: “[T]o recover under a theory of quasi contract, a plaintiff must demonstrate that services were performed for the defendant resulting in its unjust enrichment * * * It is not enough that the defendant received a benefit from the activities of the plaintiff * * * if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery” (supra, at 376).
Plaintiff cites no representations to it from Cybergenics which would take this case out of the general rule. It is clear that plaintiff was looking to the other defendants for payment and lacked privity with Cybergenics. The claim that Kaleidoscope was acting as agent for a disclosed principal, Cybergenics, is refuted by the contract between those parties.
Freedman, J. P., McCooe and Davis, JJ., concur.