■ GENERAL SECURITY PROPERTY & CASUALTY COMPANY et al., Appellants, v AMERICAN FLEET MANAGEMENT, INC., et al., Respondents, et al., Defendants. [830 NYS2d 136]—

Order, Supreme Court, New York County (Edward H. Lehner, J.), entered December 15, 2005, which, to the extent appealed from as limited by the briefs, denied plaintiffs' cross motion for partial summary judgment on their causes of action for breach of contract and quantum meruit against defendants A.W. Transportation, Able Rent A Car, A.C. Rent A Car, Adee Truck & Car Rental, Affordable Auto Rental, American Rent A Car, Bronx Rent A Wreck, Colonial Auto Rental, De Collo Service Center, Dover Rowmat, Freeport Rental Group, Ghasson Rent A Car, H. Quad Leasing, Huntington Auto Rental, Junction Service, Katelyn Enterprises/Elite Auto, Lansing, RJ Car Leasing,

Rowmat, Rowtam, Safe Driving School, Swifty Rent A Car, and uncaptioned parties South Shore Rentals and Wolfson's Rental (collectively, the franchisees), and granted said defendants' motion for summary judgment dismissing said causes of action, unanimously affirmed, with costs.

Under the clear and unambiguous provisions of the insurance policies and the deductible agreement between plaintiffs and defendant American Fleet Management, the franchisees are not liable for the outstanding deductibles paid by plaintiffs, and any ambiguities in the written agreements should be construed to favor the insured franchisees and against plaintiffs, which drafted the agreements (*see United States Fid. & Guar. Co. v Annunziata*, 67 NY2d 229, 232 [1986]). There is no evidence that the parties, in their course of dealing, intended the franchisees to be liable for deductible reimbursements.

Because the franchisees were not obligated to pay the deductibles under the written agreements, the IAS court properly dismissed plaintiffs' second cause of action against the franchisees for breach of contract. The court further correctly dismissed the third cause of action against the franchisees for quantum meruit since plaintiffs' services were performed "at the behest of" American Fleet, not the franchisees (*see Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]). Plaintiffs fully performed on the valid written agreements, "the existence of which is undisputed, and the scope of which clearly covers the dispute between the parties" (*Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]). Concur—Andrias, J.P., Sullivan, Williams, Sweeny and Malone, JJ. [*See* 10 Misc 3d 1075(A), 2005 NY Slip Op 52244(U) (2005).]