[896 NYS2d 563]

Sᴛ. Lᴏᴜɪs Wᴇsᴛ, Iɴᴄ., Respondent, v Tᴏᴅᴅ S. Pɪᴄᴋᴀʀᴅ, Esǫ., Appellant, et al., Defendant.

Supreme Court, Appellate Term, First Department, February 9, 2010

APPEARANCES OF COUNSEL

*Krol & O'Connor*, New York City, for appellant. *Lewis H. Fishlin*, New York City, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Judgment, entered November 28, 2008, reversed, without costs, and judgment directed in favor of defendant Todd S. Pickard dismissing the complaint as against him. The Clerk is directed to enter judgment accordingly. Appeal from order, dated September 8, 2008, dismissed, without costs, as subsumed in the appeal from the aforesaid judgment. Plaintiff, an appellate printer, commenced this action against defendant-appellant Todd S. Pickard (appellant) and defendant Chahee Pickard seeking to recover damages for services plaintiff rendered in connection with defendants' joint appeal from a judgment and orders issued in their prior matrimonial action. The record is clear that plaintiff was retained solely by Chahee's attorney in the matrimonial action, and that plaintiff sent the attorney the invoice for the printing services. Upon settling its claims against Chahee, plaintiff successfully moved for summary judgment against appellant for his putative "share" of the costs of the printing services.

We reverse, and grant appellant summary judgment dismissal, since no basis exists for imposing liability against him. As indicated, appellant was not a party to the contract between plaintiff and Chahee. Given the absence of privity of contract between plaintiff and appellant, appellant may not properly be held liable under a breach of contract theory (*see LaBarte v Seneca Resources Corp.*, 285 AD2d 974 [2001]; *see also Seaver v Ransom*, 224 NY 233 [1918]). Nor may appellant be cast in damages on a quantum meruit theory, since the services were performed for and at the behest of Chahee (*see Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]; *see also General Sec. Prop. & Cas. Co. v American Fleet Mgt., Inc.*, 37 AD3d 345 [2007]), and this despite any benefit that appellant may have derived from plaintiff's services (*see Kagan*, 172 AD2d at 376). Plaintiff's contention that appellant is liable for his "share" of the costs of the services under 22 NYCRR 600.11 (d) is without merit. The cited rule, which provides that the costs of a joint record (or joint appendix) should "be borne equally among the

parties" (22 NYCRR 600.11 [d] [1]), serves only to establish the respective rights and obligations of the parties to an appeal inter se (*see Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin A.C. Corp.*, 221 AD2d 243 [1995]; *Greenwald v Trimfoot Co.*, 221 AD2d 245 [1995]), and does not create an independent right of recovery in favor of a third party such as plaintiff herein.

McKEON, P.J., and SCHOENFELD, J., concur.