■ Martin Murphy, Respondent, v 317-319 Second Realty LLC, Appellant. [944 NYS2d 42]—

Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about November 21, 2011, which, in this action seeking, among other things, a declaration that plaintiff is a rent-stabilized tenant in the subject apartment, granted plaintiff's motion to remove a summary holdover proceeding between the parties pending in Civil Court and to consolidate it with this action, and denied defendant's cross motion to dismiss the complaint in this action, affirmed, without costs.

Plaintiff Martin Murphy, who resided with his brother in a rent-stabilized apartment, was asked to move into a basement apartment by defendant 317-319 Second Realty LLC's predecessor, Jelstone Realty Corp., and to become the building superintendent in 2003. Murphy avers that Jelstone agreed that the rent-stabilized status of his former apartment would be transferred to the apartment at issue here. The rent-regulated lease of the former apartment contained a provision foreclosing assertion of counterclaims in proceedings to recover the premises.

When Murphy moved into the basement apartment, it had

been severely damaged by fire. The then-parties agreed that Murphy would renovate and rehabilitate the apartment in exchange for a "substantial rent credit." Murphy claims that the cost of renovating the apartment (including his own labor) exceeded $100,000.

On December 10, 2010, 317-319 acquired the building from Jelstone, and Jelstone notified Murphy that at the new owner's request, it was terminating Murphy's employment. On December 22, 2010, 317-319 commenced a summary holdover proceeding in Civil Court alleging that Murphy's rights to occupy the apartment ended upon his termination as superintendent. Murphy moved to dismiss claiming that he was a long-term rent-regulated tenant, and countered that 317-319 was unjustly enriched by his expenditures to renovate the apartment. Civil Court denied Murphy's dismissal motion, concluding that there was a question of fact concerning his rent-regulated (or lease-controlled) status, but, curiously, dismissed his counterclaim for unjust enrichment, finding that the lease (which 317-319 denied applied) barred Murphy from asserting counterclaims in a holdover proceeding. The court held that Murphy must assert such claims in a separate proceeding.

Murphy then commenced a separate proceeding in Supreme Court seeking a declaration that he is a rent-stabilized tenant, and claiming unjust enrichment, breach of the warranty of habitability, and "illegal construction"; he also moved to consolidate the Civil Court proceedings with the Supreme Court action. The illegal construction and breach of warranty claims relate to a ceiling collapse and a rupture of a sewer line adjacent to the apartment, which Murphy claims rendered the apartment uninhabitable in 2011. Upon motion, Supreme Court consolidated the Civil Court proceeding with this action since the issue of Murphy's rent-regulated status was being litigated in both courts.

While ordinarily there is a "strong preference" for resolving holdover proceedings in Civil Court (*44-46 W. 65th Apt. Corp. v Stvan*, 3 AD3d 440, 441 [2004]), particularly where complete relief is available in that court (*Post v 120 E. End Ave. Corp.*, 62 NY2d 19, 28 [1984]), where, as here, complete relief cannot be afforded by Civil Court because that court dismissed the counterclaim, and common questions of law and fact exist, judicial economy is served by consolidation (*Phoenix Garden Rest. v Chu*, 202 AD2d 180 [1994]; *Kally v Mount Sinai Hosp.*, 44 AD3d 1010 [2007]). It is undisputed that in the lease that Murphy asserts was "transferred" to the subject apartment, he agreed not to interpose counterclaims in a summary proceeding.

Based on that, Civil Court dismissed the counterclaim for unjust enrichment. If Civil Court were to determine that the apartment is not rent regulated and thus that the lease does not apply, it would have been error to dismiss the counterclaim. Thus, consolidation of the proceedings in Supreme Court would avoid such an occurrence.

Since a decision to consolidate is addressed to the sound discretion of the trial court, where, as here, there are common questions of law and fact, Supreme Court did not improvidently exercise that discretion (*Best Price Jewelers.Com, Inc. v Internet Data Stor. & Sys., Inc.*, 51 AD3d 839 [2008]). Moreover, maintaining separate actions poses a risk of inconsistent verdicts concerning the status of the parties. Thus, Supreme Court did not abuse its discretion by removing the summary holdover proceeding and consolidating it with this action. Removal to Supreme Court to determine all issues, including the request for a declaratory judgment, renders moot the motion to dismiss that claim pursuant to CPLR 3211 (a) (4).

317-319 also avers that the unjust enrichment claim should be dismissed because it is based on events occurring under the prior owner. However, to establish unjust enrichment it is not necessary that the party enriched have been in complete privity with the plaintiff; rather, the relationship between the parties must not be too attenuated (*Georgia Malone & Co., Inc. v Rieder*, 86 AD3d 406, 408 [2011]) and the plaintiff must show that it is against equity and good conscience to permit the other party to retain what is sought to be recovered (*see Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011]). Here, the relationship between the current owner and the prior owner, and the liabilities assumed during the transfer of ownership, should be explored before a determination as to the unjust enrichment claim can be made. Furthermore, if there is a valid claim for unjust enrichment, it is the current owner who would benefit from the improvements. For that reason, the unjust enrichment claim should not be dismissed at this time. Concur—Tom, J.P., DeGrasse, Freedman and Richter, JJ.

Román, J., dissents in part in a memorandum as follows: In failing to dismiss plaintiff's first and second causes of action and in granting plaintiff's motion to consolidate this action with the special holdover proceeding, the motion court erred. Therefore, I dissent.

A motion to dismiss pursuant to CPLR 3211 (a) (4), on the ground that "there is another action pending between the same parties for the same cause of action," shall be granted if it is established that the action for which dismissal is sought was

initiated subsequent to another already pending action and that both actions share sufficient identity of parties and the causes of action asserted (*White Light Prods. v On The Scene Prods.*, 231 AD2d 90, 93-94 [1997]; *National Union Fire Ins. Co. of Pittsburgh, Pa. v Jordache Enters.*, 205 AD2d 341, 343 [1994]). Here, inasmuch as the record establishes that plaintiff's first cause of action seeking to have the court declare that he is a rent-stabilized tenant within defendant's premises is identical to his first affirmative defense in the summary holdover proceeding previously commenced by defendant and pending in Civil Court, his first cause of action must be dismissed.

Plaintiff's second cause of action for unjust enrichment must also be dismissed pursuant to CPLR 3211 (a) (7) since he fails to state a cause of action. When deciding a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), all allegations in the complaint are deemed to be true (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 414 [2001]; *Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]). All reasonable inferences that can be drawn from the complaint and the allegations therein stated shall be resolved in favor of the plaintiff (*id.*). While "[a] cause of action for unjust enrichment is stated where plaintiffs have properly asserted that a benefit was bestowed . . . by plaintiffs and that defendants will obtain such benefit without adequately compensating plaintiffs therefor" (*Wiener v Lazard Freres & Co.*, 241 AD2d 114, 119 [1998] [internal quotation marks omitted]), it must also be pleaded and proven that the benefit conferring services were performed for the defendant, thereby resulting in defendant's unjust enrichment (*Kagan v K-Tel Entertainment*, 172 AD2d 375, 376 [1991]). "It is not enough that the defendant received a benefit from the activities of the plaintiff; if services were performed at the behest of someone other than the defendant, the plaintiff must look to that person for recovery" (*id.* [citation omitted]). Here, plaintiff's complaint alleges that defendant became the owner of the premises where the subject apartment is located in 2011. Plaintiff further alleges that defendant was unjustly enriched by virtue of renovations to the subject apartment, which plaintiff undertook based upon an agreement in 2003 between himself and *the prior owner* of defendant's premises. Accordingly, plaintiff's own allegations establish that the renovations he undertook, while arguably benefitting the defendant, were not undertaken at defendant's behest (*Mandarin Trading Ltd. v Wildenstein*, 16 NY3d 173, 182 [2011] [plaintiff's unjust enrichment claim was dismissed when "the pleadings failed to indicate a relationship between the parties that could have caused reliance or inducement"]). Accordingly, plaintiff fails to state a cause of action for unjust enrichment.

Since consolidation pursuant to CPLR 602 (a) is only warranted when there exist common questions of law and fact between two or more actions (*Matter of Progressive Ins. Co. [Vasquez—Countrywide Ins. Co.]*, 10 AD3d 518, 519 [2004]), here, having dismissed plaintiff's first two causes of action, this action and the special holdover proceeding in Civil Court no longer share common questions of law or fact; accordingly, plaintiff's motion for consolidation must be denied.

The majority's decision to decide plaintiff's motion for consolidation before deciding defendant's pre-answer motion to dismiss defies logic. After all, the threshold on a motion for consolidation is commonality of facts and law. As such, any motion whose decision may result in dismissal of the claims forming the basis for consolidation should be resolved first. Here, it is clear that plaintiff's first cause of action seeking a declaratory judgment warrants dismissal pursuant to CPLR 3211 (a) (4). Rather than addressing this issue on the merits, however, the majority concludes that defendant's motion to dismiss pursuant to CPLR 3211 (a) (4) is rendered moot upon consolidation. Since consolidation cannot be had absent commonality of issues, the majority reaches the result it seeks in the only way it can, namely, the complete disregard of defendant's meritorious motion to dismiss plaintiff's first cause of action.

Further ignoring the merits of defendant's motion to dismiss plaintiff's second cause of action for unjust enrichment, the majority in essence adopts a wait-and-see approach. While the absence of discovery necessary to defeat a motion to dismiss warrants denial of such a motion (CPLR 3211 [d]), here, that argument has not been raised by plaintiff on appeal (*Misicki v Caradonna*, 12 NY3d 511, 519 [2009] ["We are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments their adversaries never made"]). Moreover, even if, as the majority posits, plaintiff can prove that defendant has benefitted from plaintiff's improvements to the subject apartment, no claim of unjust enrichment would lie. As noted above, plaintiff pleads, and avers via affidavit, that the improvements here were not undertaken at defendant's behest (*Kagan*, 172 AD2d at 376). Thus, plaintiff may very well have an unjust enrichment claim, but not against this defendant (*id.*).