OPINION OF THE COURT
Jo Ann Friia, J.
The plaintiff, an appellate printer with an office in the City of White Plains, brought this action as a commercial claim under the Uniform City Court Act against defendant law firm for *587 $4,885.34, representing one half the cost of the joint record on appeal in a certain matter before the Appellate Division, Second Department captioned “Sandra Jimenez Zuluaga v Fabian Ospina Diaz” (plaintiffs exhibit 5). In that matter on appeal, defendant represented Ms. Zuluaga, the plaintiff-respondent-appellant wife in a contested matrimonial action.
In support of its claim, plaintiff seeks to invoke 22 NYCRR 670.8 (c) (1) which states as follows:
“Unless otherwise ordered by the court, all parties appealing from the same order or judgment shall consult and thereafter file a joint record or joint appendix which shall include copies of all notices of appeal. The cost of the joint record or the joint appendix, and the transcript, if any, shall be borne equally by the appealing parties.”
It is plaintiffs contention that the foregoing Second Department rule provides a theory of recovery for an appellate printer. Whether or not an appellate printer can rely upon this rule and recover directly from an attorney appears to be a case of first impression in this judicial department.
Although the parties argue different theories in support of their respective positions, and suggest that the court interpret certain actions (or omissions) as proof of the assumption of liability or the denial of same, the facts are not in dispute.
Appeal Press LLC was first hired by the attorney for the defendant husband in connection with an appeal from a certain judgment and orders of the Supreme Court, Westchester County. Shortly thereafter, Anthony J. Pirrotti, the attorney for the plaintiff wife, filed a notice of cross appeal. Accordingly, the Rules of the Second Department required the filing of a “joint record” on appeal (22 NYCRR 670.8 [c] [1]). Indeed, the attorneys for the respective parties exchanged information and documentation in order that Appeal Press LLC “settle” the trial transcript and draft the joint record on appeal. The joint record on appeal was filed on behalf of the defendant-appellant husband by his attorney in September 2009. It was then that Anthony J. Pirrotti, PC., on behalf of its client, hired Appeal Press LLC to print, file and serve cross appellant’s brief.
Noteworthy, but not dispositive of this case, is the decision and order on motion of the Appellate Division, Second Department dated October 28, 2009 (Zuluaga v Diaz, 2009 NY Slip Op 87089[U] [2009]; plaintiffs exhibit 25). The Court, on its own motion, dismissed the cross appeals (without costs or disburse *588 ments) on the ground that “the issues raised on the cross appeals are not properly before the court” without prejudice to taking an appeal from the (final) judgment of divorce. The Court, in a separate ordered paragraph, denied the dismissal of the cross appeals “on the ground that Sandra Jimenez Zuluaga has failed to pay one-half of the cost of the joint transcript” as “academic.”
An exchange of correspondence and copies of invoices and cancelled checks show that while the Law Offices of Anthony J. Pirrotti, PC. paid for the cost of two briefs filed on behalf of its client, it failed to pay one half of the cost of the joint record on appeal, or $4,885.34. Defendant law firm maintains that it is not responsible for this cost as an agent is not responsible for the acts of a disclosed principal. Further, the applicable court rule refers to “appealing parties” without more.
Plaintiff relies upon General Business Law § 399-cc and the holding in Elisa Dreier Reporting Corp. v Global NAPs Networks, Inc. (84 AD3d 122 [2d Dept 2011]) which requires an attorney who engages a reporting service to be responsible to pay for those services except (1) where payment is provided by law, (2) the attorney is providing representation through a not-for-profit provider, or (3) the attorney expressly disclaims responsibility in writing at the time the attorney orders such services. Plaintiff asserts that there is no difference between court reporting services and appellate printing services.
Under General Business Law § 399-cc, when an attorney orders a stenographic record, he may be held liable for the cost of same unless the attorney expressly disclaims responsibility for payment of the stenographic record in writing and at the time the attorney orders the record. To the extent this section may apply in the context of this case, the credible evidence shows that defendant did not order the joint record from plaintiff. In fact, it was the attorney for the defendant husband in the contested matrimonial action who engaged plaintiffs services with respect to the joint record. As a result, there was no liability for defendant to disclaim. Rather, the only service ordered by defendant relates to the subsequent printing of defendant’s appellate brief — a service which plaintiff concedes was paid in full by defendant without objection.
Similarly, plaintiff’s reliance upon Elisa Dreier Reporting Corp. (supra) is unavailing. In that case, defendant’s attorney engaged plaintiffs reporting services during depositions held in connection with a civil action. In contrast, defendant herein did *589 not engage plaintiffs services with respect to the joint record. As previously indicated, the facts of this case demonstrate that it was the attorney for the husband in the underlying contested matrimonial action who contacted plaintiff and engaged its services.
In St Louis W., Inc. v Pickard (26 Misc 3d 77 [App Term, 1st Dept 2010]), a case strikingly similar to the one at bar, the court interpreted 22 NYCRR 600.11 (d) (1), a First Department rule which mirrors 22 NYCRR 670.8 (c) (1). In Pickard, the plaintiff, an appellate printer, commenced an action seeking to recover damages for services plaintiff provided in connection with defendant’s joint appeal. Like the instant case, plaintiff was engaged by the attorney for defendant’s ex-spouse in a prior matrimonial action. The court held that 22 NYCRR 600.11 (d) (1) “serves only to establish the respective rights and obligations of the parties to an appeal inter se, and does not create an independent right of recovery in favor of [an appellate printer]” (Pickard, 26 Misc 3d at 79 [citations omitted]).
Accordingly, the court holds that 22 NYCRR 670.8 (c) (1) does not provide plaintiff with a basis of recovery. Further, in the absence of privity of contract between Appeal Press LLC and the Law Offices of Anthony J. Pirrotti, EC. the defendant herein is not liable for one half the cost of the joint record on appeal.
Case dismissed.