Appeal from order, Supreme Court, New York County (Eileen Bransten, J.), entered June 28, 2012, which determined that plaintiff could not voluntarily discontinue its first action (index No. 650664-12), unanimously dismissed, without costs. Order, same court and Justice, entered July 2, 2012, which, to the extent appealed from, determined that plaintiff could not voluntarily discontinue its second action (index No. 651450-12), and granted so much of defendants-respondents ’ motion in the second action as sought dismissal of the second action, cancellation of the notice of pendency of that action, and an award of attorneys’ fees, and referred the matter of attorneys’ fees to a Special Referee for a hearing and determination of the amount of those fees, unanimously affirmed with respect to the granting of defendants’ motion, and the appeal therefrom otherwise dismissed, with costs. Order, same court and Justice, entered September 21, 2012, which, upon defendants-respondents’ motion in the first and second actions, consolidated the second ac *463 tion with an action commenced in Supreme Court, Kings County (Katan Group, LLC v CPC Resources, Inc., index No. 13071-12), dismissed the complaint in the Kings County action, vacated the notice of pendency of the Kings County action, awarded defendants attorneys’ fees incurred in the defense of the Kings County action and costs incurred in the cancellation of the notice of pendency, and referred the matter of attorneys’ fees and costs to a Special Referee for a hearing and determination of the amount of those fees and costs, unanimously affirmed, with costs.
The June 2012 order declining to permit plaintiff to voluntarily discontinue the first action, and the portion of the July 2012 order declining to permit plaintiff to voluntarily discontinue the second action, did not resolve motions made on notice; therefore, no appeal lies therefrom as of right (CPLR 5701 [a] [2]; see Reyes v Sequeira, 64 AD3d 500, 507 [1st Dept 2009]). Contrary to plaintiffs contention, we never granted its request for leave to appeal, and we decline to do so now.
Supreme Court properly granted defendants’ motion to dismiss the second action, since the operating agreement between the parties does not provide plaintiff a right of first refusal with regard to a sale of the subject property.
Supreme Court providently exercised its discretion in consolidating the Kings County action with the second action (Murphy v 317-319 Second Realty LLC, 95 AD3d 443, 445 [1st Dept 2012]). The actions share sufficient common questions of law or fact to permit consolidation and plaintiff did not demonstrate prejudice resulting from consolidation (see CPLR 602). Although the complaint in the second action had been dismissed, the action was still “pending” for consolidation purposes (id.). Indeed, the court had directed further proceedings with respect to defendants’ attorneys’ fees in the second action and no judgment had been entered in that action.
New York County is the proper venue for the consolidated actions. The first and second actions were already pending in New York County when plaintiff commenced the Kings County action, and the forum selection clause in the operating agreement provides that New York County is the proper venue for any dispute arising under the agreement.
Supreme Court properly dismissed the Kings County action as barred by the doctrine of collateral estoppel. The second action and the Kings County action involve identical issues— namely, whether the operating agreement gives plaintiff a right of first refusal in a sale of the subject property. Further, plaintiff had a full and fair opportunity to litigate that issue when *464 defendants moved to dismiss the second action, and Supreme Court necessarily decided the issue against plaintiff when it dismissed plaintiffs claims in the second action (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455-456 [1985]).
Given the proper dismissal of plaintiffs claims in the second action and the Kings County action, the court correctly cancelled the notices of pendency of those actions (Yenom Corp. v 155 Wooster St. Inc., 33 AD3d 67, 74 [1st Dept 2006]) and correctly awarded defendants attorneys’ fees and costs pursuant to the operating agreement. Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ. [Prior Case History: 2012 NY Slip Op 33224(U).]