Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered March 21, 2012, which denied plaintiffs’ motion for a default judgment and granted defendants’ motions to compel plaintiffs to accept their late answers, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 11, 2012, which granted defendants’ motion to dismiss the complaint, and denied plaintiffs’ motion for summary judgment as to liability, unanimously affirmed, without costs.
Plaintiffs and defendant Old Stone Hill Road Associates are adjoining property owners. In 1998, Old Stone leased its property to defendant New York SMSA Limited Partnership doing business as Verizon Wireless (Verizon) for the construction and operation of a cellular telephone facility. In 2000, plaintiffs, along with others, commenced an action against defendants in *537 Supreme Court, Westchester County, seeking injunctive enforcement of restrictive covenants limiting use of the property to residential development. An order was entered November 19, 2001 permanently enjoining defendants from violating the restrictive covenants and directing them to remove the facility (Chambers v Old Stone Hill Rd. Assoc., 303 AD2d 536 [2d Dept 2003], affd 1 NY3d 424 [2004]). Defendants removed the facility on July 5, 2007.
The instant action, commenced in 2010, asserts claims for unjust enrichment, constructive trust, and implied or quasi-contract, and seeks rents collected and profits earned by defendants in violation of the permanent injunction from the date on which the Court of Appeals affirmed the injunction order, through the date on which defendants removed the facility.
Defendants demonstrated a reasonable, if not “particularly compelling,” excuse for their failure to serve timely answers and a meritorious defense (see Lamar v City of New York, 68 AD3d 449, 449 [1st Dept 2009]; ICBC Broadcast Holdings-NY, Inc. v Prime Time Adv., Inc., 26 AD3d 239 [1st Dept 2006]; see also CPLR 3012 [d]). Their delays are attributable, in part, to the timing of Verizon’s receipt of the complaint, as evidenced by an affidavit by Verizon’s registered agent for service, and to defendant Annicelli’s severe illness.
Their meritorious defense is that the complaint fails to state a cause of action (CPLR 3211 [a] [7]). The relationship between the parties, that of abutting landowners and former neighbors, as alleged, is not one that “could have caused reliance or inducement,” and therefore is inadequate to sustain a claim of unjust enrichment (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408-409 [1st Dept 2011], affd 19 NY3d 511 [2012]). Nor does the complaint allege that defendants were enriched at plaintiffs’ “expense” (see Mandarin Trading, 16 NY3d at 182). While the development of an eyesore certainly could affect property values, the complaint does not allege that the value of plaintiffs’ property was affected during the relevant period and that they sustained damages as a result.
The failure to state a cause of action for unjust enrichment is fatal to the remaining causes of action (see Sharp v Kosmalski, 40 NY2d 119 [1976] [constructive trust]; Kagan v K-Tel Entertainment, 172 AD2d 375 [1st Dept 1991] [quasi-contract]). The complaint also fails to allege any of the other elements of a constructive trust cause of action, i.e., a confidential or fiduciary relationship, a promise, and a transfer in reliance on that promise (see Sharp, 40 NY2d at 121), and fails to allege that *538 plaintiffs performed services for defendants, an element of an implied or quasi-contract cause of action (see Kagan, 172 AD2d 376).
We have considered plaintiffs’ remaining arguments and find them unavailing. Concur — Mazzarelli, J.E, Andrias, DeGrasse and Clark, JJ.