| **Greenidge v City of New York** |
|:---:|
| 2024 NY Slip Op 33251(U) |
| September 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155062/2022 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. HASA A. KINGO**    PART    05M
                        *Justice*

-------------------------------------------------------------------------------X

RODNEY GREENIDGE,

                    Plaintiff,

          - v -

CITY OF NEW YORK, SALIA DETORE, JOHN SANTUCCI,

                  Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155062/2022 |
| MOTION DATE | 05/02/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32

were read on this motion to                   CONSOLIDATE            .

      With the instant motion, Defendant, Gateway Center Parking Association, LLC ("Gateway"), seeks to consolidate the instant matter with another action pursuant to CPLR § 602. Specifically, Gateway requests the consolidation of *Rodney Greenidge v. The Home Depot, Inc., et al.* (Kings County, Index No. 516885/2023)("Action No. 2) with the instant matter, *Rodney Greenidge v. The City of New York, et al*. (New York County, Index No. 155062/2022)("Action No. 1). Gateway asserts that the two actions involve common questions of law and fact, primarily concerning a slip-and-fall incident at Home Depot, where Plaintiff Rodney Greenidge ("Plaintiff") allegedly sustained injuries while in the course of his duties as a New York Police Department ("NYPD") officer.

      Plaintiff and the City of New York, in opposition, argue that the cases are not sufficiently intertwined to warrant consolidation and that doing so would cause prejudice by conflating distinct legal theories and fact patterns.

## BACKGROUND AND ARGUMENTS

      In Action No. 1 (New York County), Plaintiff alleges claims related to employment discrimination, negligent failure to train, supervise, and discipline, as well as disability and race discrimination against the City of New York and individual NYPD employees. The claims arise from an incident on October 16, 2020, in which Plaintiff, while attempting to apprehend a shoplifter at Home Depot, sustained injuries, including a broken wrist and a hernia. The employment-related claims center on the NYPD's alleged failure to reasonably accommodate Plaintiff's disabilities resulting from the incident, discriminatory treatment, and hostile work environment claims.

      In Action No. 2 (Kings County), Plaintiff asserts a negligence claim against Home Depot and Gateway, alleging that on October 16, 2020, he slipped and fell due to an unknown substance

on the floor of Home Depot, resulting in physical injuries. The claims in this action are focused on premises liability and negligence.

Gateway argues that the two actions stem from the same factual scenario—a slip-and-fall incident at Home Depot—and should be consolidated to avoid inconsistent verdicts, reduce judicial resources, and promote efficiency. Specifically, Gateway underscores that both actions arise from the same incident on October 16, 2020, at Home Depot. Gateway further asserts that Plaintiff's injuries, including a broken wrist and hernia, are central to both actions and that the medical evidence, witnesses, and facts regarding the slip-and-fall are the same. Gateway contends that consolidation would prevent duplicative discovery, reduce costs, and avoid inconsistent verdicts. In Gateway's view, since both actions involve the same accident, the factual overlap warrants consolidation.

Gateway cites *Liberty Mut. Ins. Co. v. Bonilla*, 213 AD3d 458 (1st Dept 2023), and *Murphy v. 317-319 Second Realty LLC*, 95 AD3d 443 (1st Dept 2012), asserting that courts generally favor consolidation where common questions of law and fact exist, especially to prevent inconsistent judgments.

In opposition, Plaintiff and the City of New York argue that Action No. 1 is an employment discrimination case involving claims of failure to accommodate under disability and civil rights laws, while Action No. 2 is a straightforward negligence case focusing on premises liability. The causes of action, legal theories, and damages in each case are distinct and require separate considerations.

Plaintiff and the City of New York further contend that consolidating the actions would confuse the jury by conflating discrimination claims with negligence claims, thereby prejudicing Plaintiff's ability to have a fair trial on each issue. Additionally, Plaintiff argues that the issues surrounding the NYPD's failure to accommodate and Home Depot's alleged negligence are unrelated. Plaintiff and the City of New York reference *Amcan Holdings, Inc. v. Torys LLP*, 32 AD3d 337 (1st Dept 2006), where the court emphasized the principle that consolidation is inappropriate if it would result in confusion or prejudice due to differences in legal issues or evidence.

## DISCUSSION

The decision to consolidate rests on whether the two actions involve common questions of law or fact and whether consolidation would serve the interests of judicial economy while avoiding prejudice. CPLR § 602(a) provides that consolidation may be ordered when actions involve common questions of law or fact, but consolidation should be denied if it would result in prejudice to a party's substantial rights.

In this case, there is no dispute that both actions stem from the same underlying incident on October 16, 2020. However, the similarities end there. The claims in Action No. 1 focus on alleged violations of employment and civil rights laws, centering on whether the City of New York and NYPD failed to reasonably accommodate Plaintiff's disability and whether Plaintiff was subjected to discriminatory practices. Conversely, Action No. 2 is a negligence claim involving

155062/2022   GREENIDGE, RODNEY vs. CITY OF NEW YORK ET AL          Page 2 of 5
Motion No.  002

premises liability, where the focus is on whether Home Depot and Gateway were negligent in maintaining their premises.

### *Consolidation to Avoid Jury Confusion and Prejudice*

It is well-established that consolidation may be denied when it risks confusing the jury or prejudicing one of the parties. In *Gillard v. Reid*, 145 AD3d 446 (1st Dept 2016), the Appellate Division, First Department, held that consolidation was inappropriate where the cases involved unrelated facts, claims, and injuries, as it would only complicate the fact-finding process. Here, consolidating an employment discrimination action with a negligence action would require the jury to apply different legal standards for different claims—discrimination under civil rights statutes versus negligence and premises liability law. This is precisely the type of confusion that courts strive to avoid.

Further, in *Bender v. Underwood*, 93 AD2d 747 (1st Dept 1983), the court rejected consolidation because the actions, although arising from a common event, involved different legal theories and evidence, and consolidation would not serve the interests of justice. Similarly, in *Burlington Ins. Co. v. Casur Corp.*, 123 AD3d 965 (2d Dept 2014), the court emphasized that consolidation is inappropriate when different legal standards govern the cases in question, as this presents a risk of jury confusion and potential prejudice. In this case, Action No. 1 involves intricate issues of employment law, including claims of discrimination, failure to accommodate, and a hostile work environment, whereas Action No. 2 hinges on premises liability and negligence principles.

The presence of distinct claims under disparate legal standards weighs heavily against consolidation. As the court held in *Matter of Progressive Ins. Co. v. Vasquez*, 10 AD3d 518 (1st Dept 2004), consolidation should be denied where the cases involve different factual determinations and where consolidation would confuse the issues before the jury. Here, the employment claims against the City of New York, involving alleged violations of the New York City Human Rights Law, have no factual or legal overlap with the negligence claims against Home Depot and Gateway regarding premises safety.

Indeed, consolidating these actions risks conflating distinct legal issues. In Action No. 1, Plaintiff must prove discriminatory intent and violations of civil rights statutes. In Action No. 2, Plaintiff must establish negligence and breach of a duty of care. The evidence required to support each set of claims is substantially different. While the injury is a common element, the facts and law governing liability in each case are fundamentally distinct.

Moreover, there is a significant risk of jury confusion if the actions were tried together. The jury would be tasked with applying two different legal standards—one for negligence and another for employment discrimination—which may lead to confusion and prejudice. Courts have recognized the danger of consolidation in such circumstances (*see Gillard*, 145 AD3d 446, *supra*).

### *Absence of Commonality in Legal Issues*

155062/2022   GREENIDGE, RODNEY vs. CITY OF NEW YORK ET AL                Page 3 of 5
Motion No.  002

3 of 5

[* 3]

Consolidation is also inappropriate when there is an absence of a commonality in legal issues, even if the cases share some factual overlap. Here, despite both actions involving Plaintiff's injuries, the discrimination and negligence claims are governed by separate legal frameworks, and the factual determinations regarding liability differ significantly.

Moreover, consolidation would not achieve judicial economy in this instance, because the core issues in Action No. 1 involve the City's alleged failure to accommodate Plaintiff's disability and his claims of racial and disability discrimination, which are distinct from the premises liability issues in Action No. 2. As the Appellate Division, First Department, held in *C.K.S. Ice Cream Co. v. Frusen Gladje Franchise*, 172 AD2d 206 (1st Dept 1991), consolidation is not warranted when the actions involve separate legal theories and require different proof, even if they arise out of the same transaction or occurrence.

Moreover, the fact that the claims in Action No. 1 primarily involve Plaintiff's employment with the NYPD, including allegations of failure to engage in cooperative dialogue and racially disparate treatment, highlights that the evidence, witnesses, and legal questions differ substantially from the negligence claims asserted in Action No. 2. The negligence claims involve entirely separate defendants (Home Depot, Gateway, and HD Development) and center on the condition of the premises and the duty of care owed by these entities to Plaintiff.

### Risk of Inconsistent Verdicts

While Gateway argues that consolidation is necessary to avoid the risk of inconsistent verdicts, this argument is unpersuasive. In *Gen. Ins. Co. of Trieste & Venice v. Piquion*, 211 AD3d 634 (1st Dept 2022), the court acknowledged that inconsistent verdicts can occur in multiple trials, but held that this concern alone does not warrant consolidation if the legal and factual issues are fundamentally different. In this case, the risk of inconsistent verdicts is minimal because the claims involve different legal standards—discrimination under employment law versus negligence in tort—and different defendants with no overlapping duties.

### Efficiency vs. Prejudice

Finally, the principle that consolidation should be granted in the interests of judicial economy is tempered by the need to ensure fairness and avoid substantial prejudice. Indeed, judicial economy should not come at the expense of clarity in the adjudication process. Consolidating these actions would not only confuse the issues but also jeopardize Plaintiff's right to a fair trial on distinct claims.

While judicial economy is an important consideration, it does not outweigh the need to ensure clarity and fairness in the adjudication of these separate legal claims. The risk of inconsistent verdicts, as argued by Gateway, can be mitigated through procedural safeguards, such as coordinating discovery or scheduling the trials consecutively.

Accordingly, is hereby

ORDERED that the instant motion to consolidate is DENIED.

155062/2022   GREENIDGE, RODNEY vs. CITY OF NEW YORK ET AL
Motion No.  002

Page 4 of 5

[* 4]

This constitutes the decision and order of the court.

20240917115226HKING07D8A900B57184E9A837F441810635222

_____
**9/17/2024**
**DATE**

_____
**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155062/2022   GREENIDGE, RODNEY vs. CITY OF NEW YORK ET AL**
**Motion No.  002**

**Page 5 of 5**

5 of 5