Globe Stor. & Moving Co., Inc. v Counsel Fin. II, LLC (2025 NY Slip Op 05148)

Globe Stor. & Moving Co., Inc. v Counsel Fin. II, LLC

2025 NY Slip Op 05148

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Index No. 651917/23|Appeal No. 4741|Case No. 2024-07380|

[*1]Globe Storage & Moving Co., Inc., Plaintiff-Respondent,
v
Counsel Financial II, LLC, Defendant-Appellant.

Davidoff Hutcher & Citron LLP, New York (Joshua S. Krakowsky of counsel), for appellant.
The Law Firm of Elias C. Schwartz, PLLC, Great Neck (Elizabeth Tobio of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas Moyne, J.), entered November 26, 2024, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's quasi-contractual claims for quantum meruit and unjust enrichment, unanimously modified, on the law and in the exercise of discretion, to strike so much of the order as states, "the breach of contract claim is dismissed" and substituting therefor, "the account stated claim is dismissed," and otherwise affirmed, without costs.
Supreme Court properly denied defendant's motion to dismiss the causes of action sounding in quasi contract. Although the parties did not enter into an agreement governing the subject matter of the complaint, there was a relationship between the parties by virtue of a Bankruptcy Court stipulation and order, which gave defendant access to plaintiff's storage facility so that defendant could enforce its secured claim against a nonparty debtor. This relationship, in turn, provides a sufficient basis for the allegation of reliance or inducement necessary to state a cause of action for quasi contract (see Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406, 408 [1st Dept 2011], affd 19 NY3d 511, 517 [2012]; Kagan v K-Tel Entertainment, 172 AD2d 375, 376 [1st Dept 1991]; cf. Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]). Moreover, defendant's silence upon receipt of the stipulation and order implies a tacit representation that the assets belonged to it and that plaintiff was storing the assets for its benefit (cf. Kagan, 172 AD2d at 377). In fact, defendant acknowledged in an email that it had acquired the storage unit containing the bankrupt's assets. Issues of fact as to why defendant took so long to deny liability as to the stored assets and whether plaintiff took any steps to mitigate its loss precludes the dismissal of the quasi-contractual claims at this stage of the litigation.
We note that although the order appealed purports to dismiss a cause of action for breach of contract, there was, in fact, no such cause of action in the complaint. At the hearing on the motion, counsel for both parties noted that the complaint asserted only quasi contractual causes of action. Furthermore, although the court stated on the record that it was dismissing the cause of action for account stated, the written order does not actually dispose of that cause of action. Accordingly, consistent with the transcript of the hearing, we modify the order to specify that defendant's motion to dismiss is granted as to the cause of action for account stated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025