91 N.J. Super. 105 (1966)
219 A.2d 332
JULIA CALLANO AND FRANK CALLANO, TRADING AS JULIE'S FARM MARKET, PLAINTIFFS-RESPONDENTS,
v.
OAKWOOD PARK HOMES CORP., A NEW JERSEY CORPORATION, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 29, 1965.
Decided April 26, 1966.
*107 Before Judges GOLDMANN, FOLEY and COLLESTER.
Mr. Chester Apy argued the cause for appellant (Messrs. Abramoff & Apy, attorneys).
Mr. Albert J. Biederman argued the cause for respondents.
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant Oakwood Park Homes Corp. (Oakwood) appeals from a judgment of $475 entered in favor of plaintiffs Julia Callano and Frank Callano in the Monmouth County District Court.
The case was tried below on an agreed stipulation of facts. Oakwood, engaged in the construction of a housing development, in December 1961 contracted to sell a lot with a house to be erected thereon to Bruce Pendergast, who resided in Waltham, Massachusetts. In May 1962, prior to completion of the house, the Callanos, who operated a plant nursery, delivered and planted shrubbery pursuant to a contract with Pendergast. A representative of Oakwood had knowledge of the planting.
Pendergast never paid the Callanos the invoice price of $497.95. A short time after the shrubbery was planted Pendergast died. Thereafter, on July 10, 1962 Oakwood and Pendergast's estate cancelled the contract of sale. Oakwood had no knowledge of Pendergast's failure to pay the Callanos. *108 On July 16, 1962 Oakwood sold the Pendergast property, including the shrubbery located thereon, to Richard and Joan Grantges for an undisclosed amount.
The single issue is whether Oakwood is obligated to pay plaintiffs for the reasonable value of the shrubbery on the theory of quasi-contractual liability. Plaintiffs contend that defendant was unjustly enriched when the Pendergast contract to purchase the property was cancelled and that an agreement to pay for the shrubbery is implied in law. Defendant argues that the facts of the case do not support a recovery by plaintiffs on the theory of quasi-contract.
Contracts implied by law, more properly described as quasi or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice. They rest solely on a legal fiction and are not contract obligations at all in the true sense, for there is no agreement; but they are clothed with the semblance of contract for the purpose of the remedy, and the obligation arises not from consent, as in the case of true contracts, but from the law or natural equity. Courts employ the fiction of quasi or constructive contract with caution. 17 C.J.S. Contracts § 6, pp. 566-570 (1963).
In cases based on quasi-contract liability, the intention of the parties is entirely disregarded, while in cases of express contracts and contracts implied in fact the intention is of the essence of the transaction. In the case of actual contracts the agreement defines the duty, while in the case of quasi-contracts the duty defines the contract. Where a case shows that it is the duty of the defendant to pay, the law imparts to him a promise to fulfill that obligation. The duty which thus forms the foundation of a quasi-contractual obligation is frequently based on the doctrine of unjust enrichment. It rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another, and on the principle of whatsoever it is certain a man ought to do, that the law supposes him to have promised *109 to do. St. Paul Fire, etc., Co. v. Indemnity Ins. Co. of No. America, 32 N.J. 17, 22 (1960).
The key words are enrich and unjustly. To recover on the theory of quasi-contract the plaintiffs must prove that defendant was enriched, viz., received a benefit, and that retention of the benefit without payment therefor would be unjust.
It is conceded by the parties that the value of the property, following the termination of the Pendergast contract, was enhanced by the reasonable value of the shrubbery at the stipulated sum of $475. However, we are not persuaded that the retention of such benefit by defendant before it sold the property to the Grantges was inequitable or unjust.
Quasi-contractual liability has found application in a myriad of situations. See Woodruff, Cases on Quasi-Contracts (3d ed. 1933). However, a common thread runs throughout its application where liability has been successfully asserted, namely, that the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred. See Rabinowitz v. Mass. Bonding & Insurance Co., 119 N.J.L. 552 (E. & A. 1937); Power-Matics, Inc. v. Ligotti, 79 N.J. Super. 294 (App. Div. 1963); Shapiro v. Solomon, 42 N.J. Super. 377 (App. Div. 1956). It is further noted that quasi-contract cases involve either some direct relationship between the parties or a mistake on the part of the person conferring the benefit.
In the instant case the plaintiffs entered into an express contract with Pendergast and looked to him for payment. They had no dealings with defendant, and did not expect remuneration from it when they provided the shrubbery. No issue of mistake on the part of plaintiffs is involved. Under the existing circumstances we believe it would be inequitable to hold defendant liable. Plaintiffs' remedy is against Pendergast's estate, since they contracted with and expected payment to be made by Pendergast when the benefit *110 was conferred. Cf. Service Fuel Oil Co. v. Hoboken Bank for Savings, 118 N.J.L. 61 (Sup. Ct. 1937); La Chance v. Rigoli, 325 Mass. 425, 91 N.E.2d 204 (Sup. Jud. Ct. 1950); Gannaway v. Lundstrom, 204 S.W.2d 999 (Tex. Civ. App. 1947); Larsen v. New York Dock Co., 166 F.2d 687 (2 Cir. 1948). A plaintiff is not entitled to employ the legal fiction of quasi-contract to "substitute one promisor or debtor for another." Cascaden v. Magryta, 247 Mich. 267, 225 N.W. 511, 512 (Sup. Ct. 1929).
Plaintiffs place reliance on De Gasperi v. Valicenti, 198 Pa. Super. 455, 181 A.2d 862 (Super Ct. 1962), where recovery was allowed on the theory of unjust enrichment. We find the case inapposite. It is clear that recovery on quasi-contract was permitted there because of a fraud perpetrated by defendants. There is no contention of fraud on the part of Oakwood in the instant case.
Recovery on the theory of quasi-contract was developed under the law to provide a remedy where none existed. Here, a remedy exists. Plaintiffs may bring their action against Pendergast's estate. We hold that under the facts of this case defendant was not unjustly enriched and is not liable for the value of the shrubbery.
Reversed.