259 N.J. Super. 368 (1992)
613 A.2d 506
DRS. LAVES, SAREWITZ AND WALKO, PLAINTIFFS,
v.
BEATRICE BRIGGS, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
March 19, 1992.
*369 Hugo L. Moras, for plaintiff.
Jacob Levine, for defendant.
FAST, J.S.C.
The issue presented is whether plaintiffs, physicians who provided medical services for defendant's late husband, are entitled to compensation where the estate of decedent was less than $5,000 and defendant received medical insurance proceeds resulting from plaintiff's services. The issue does not appear to have been reported in New Jersey.
The following facts were stipulated:
1) Plaintiffs are physicians who treated Garris Briggs in October, 1990. Their bill totalled $782. (The reasonableness of the bill was not disputed.)
2) Garris Briggs died on October 11, 1990, leaving defendant, Beatrice Briggs, his widow, but from whom he lived apart for five years with no financial interdependence, as his surviving spouse.
3) Decedent's gross estate was less than $5,000.
4) Decedent had insurance to cover certain medical expenses, including the bill submitted by plaintiffs. Pursuant to that insurance, Blue Shield or Medicare issued checks for $676.72, payable to decedent but mailed to defendant. She brought the checks to the Surrogate's office, executed an affidavit to the *370 effect that the estate was less than $5,000 and, pursuant to N.J.S.A. 3B:10-3, cashed the checks and retained the proceeds. Plaintiffs thereupon commenced the subject action.
The Answer to the Complaint was essentially a general denial, with an affirmative defense that:
"At the time that the services were rendered to said decedent, the defendant was married to said decedent, but they were separated for more than five years prior to his death, and said decedent had not supported the defendant during this period."

DISCUSSION OF LAW
As relevant, N.J.S.A. 3B:10-3 provides that:
"Where the total value of the real and personal assets of the estate of an intestate will not exceed $10,000.00, the surviving spouse upon the execution of an affidavit before the surrogate of the county where the intestate resided at his [sic] death ... shall be entitled absolutely to all the real and personal assets without administration, and the assets of the estate up to $5,000.00 shall be free from all debts of the intestate."
Defendant relies on that statute, as well as the affirmative defense stated above, to wit, that the decedent and defendant had been separated for five years and that she was therefore no longer liable for the medical expenses for his last illness.
The liability of one spouse for the medical expenses for the last illness of another spouse was resolved in Jersey Shore, etc. v. Estate of Baum, 84 N.J. 137, 417 A.2d 1003 (1980) where the Court stated that thereafter:
"... both spouses are liable for the necessary expenses incurred by either spouse. In a viable marriage, the marital partners can decide between themselves how to pay their debts. A creditor providing necessities to one spouse can assume that the financial resources of both spouses are available for payment." (Emp. supplied.) Id., at page 151, 417 A.2d 1003.
Inasmuch as defendant had been separated from decedent and the marriage can hardly be said to have been viable, nor a sharing of the expenses reasonably assumed, I find that Baum does not control the result in this case.
I also find an even more significant distinction between Baum and the instant case. In Baum, as here, the decedent's *371 estate was insolvent. However, in Baum, decedent had exhausted his Medicaid benefits and there was no insurance available, whereas in this case there were insurance proceeds available for the satisfaction of decedent's medical expenses. It is those proceeds which plaintiff now pursues. Accordingly, although Baum may not provide liability on the part of defendant, it does not exonerate defendant, either.
Likewise, I find that N.J.S.A. 3B:10-3 does not militate against plaintiff's claim. The focus is on the statutory phrase "assets of the estate." I find that the subject insurance proceeds are beyond the statutory exemption of $5,000 from the satisfaction of decedent's debts; that these proceeds were paid with a specific purpose in mind, to wit, satisfaction pro tanto of the medical expenses and that therefore a trust should be impressed on these funds. The conclusion is that these funds are beyond the legislature's contemplation in the use of the quoted phrase.
Both parties cited cases relating to claims against either survivors or estates for funeral expenses. Those cases are inapposite; they did not deal with funds that were issued for a specific purpose.
Inasmuch as the insurance proceeds were issued as a direct result of the services of plaintiff (without which services no claim for those proceeds could have been made) it is only just and fair that they be used for their intended purpose; that result is mandated by good conscience and fairness.
"In the case of actual contracts the agreement defines the duty, while in the case of quasi-contracts the duty defines the contract. Where a case shows that it is the duty of the defendant to pay, the law imparts to him [sic] a promise to fulfill that obligation. The duty which thus forms the foundation of a quasi-contractual obligation is frequently based on the doctrine of unjust enrichment. It rests on the equitable principle that a person shall not be allowed to enrich himself [sic] unjustly at the expense of another, and whatsoever it is certain that a man [sic] ought to do, that the law supposes him [sic] to have promised to do." [citations omitted.] Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 108, 219 A.2d 332 (App.Div. 1966).
*372 Defendant, having denied liability, inter alia on the basis that she had been separated from decedent and therefore not liable for his debts, likewise should not be able to claim the benefits otherwise payable on his account. It is disingenuous for defendant to have claimed that she is not liable because the marriage was not viable, and at the same time claim to be entitled to the proceeds of the insurance because she was the widow in fact of decedent. It is certain to me that she should have used these funds for the purpose for which they were issued. Otherwise, she will have been unjustly enriched, at the expense of plaintiffs, by an interpretation of a statute that I find the legislature did not contemplate.
Judgment for plaintiffs for $676.72 plus costs and fees to be taxed. The balance of the complaint is dismissed, defendant not having contracted with plaintiffs, nor having received any benefit, either directly nor by assumption.