■ AMERICAN SPRAY-ON CORP., Respondent, v AUSTIN HELLE COMPANY, INC., Appellant. [798 NYS2d 34]—

Order, Supreme Court, New York County (Charles Edward Ramos, J.), entered July 22, 2004, which denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously affirmed, with costs.

In this action, which the parties agree is governed by the substantive law of New Jersey, the motion court properly held that plaintiff had stated a cognizable claim to recover in quantum meruit from defendant contractor for construction work performed pursuant to a sub-subcontract between it and a

now defunct subcontractor. Ordinarily a sub-subcontractor, such as plaintiff, does not have recourse "up the chain" against a contractor with whom it has no agreement covering the work at issue (*see F. Bender, Inc. v Jos. L. Muscarelle, Inc.*, 304 NJ Super 282, 287, 700 A2d 374, 377 [1997]). Here, however, the facts alleged by plaintiff, indicating that plaintiff has no adequate remedy at law and permitting the inference that plaintiff's uncompensated work under the sub-subcontract conferred a benefit upon defendant that would be unjust for defendant to retain without payment—particularly since defendant evidently acknowledged its obligation to plaintiff for some of the work performed under the sub-subcontract by issuing a check for that work naming plaintiff as a copayee (*see Onorato Constr., Inc. v Eastman Constr. Co.*, 312 NJ Super 565, 711 A2d 1363 [1998])—set forth exceptional circumstances in which an equitable, quasi-contractual claim "up the chain" will lie (*see Callano v Oakwood Park Homes Corp.*, 91 NJ Super 105, 109, 219 A2d 332, 334 [1966]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ. [Recalled and vacated 21 AD3d — (2005).]