NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1965-15T1

D&P CONSTRUCTION, INC.,

 Plaintiff-Appellant,

v.

PHILLIPSBURG MALL, LLC,

 Defendant-Respondent.

_______________________________________

 Submitted February 14, 2017 – Decided March 7, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Law Division, Warren County, Docket No. L-336-
 14.

 Benbrook & Benbrook, LLC, attorneys for
 appellant (Allison T. Madden, of counsel;
 Kevin P. Benbrook, on the brief).

 Kaplin Stewart Meloff Reiter & Stein, PC,
 attorneys for respondent (Joshua C. Quinter
 and Karin Corbett, on the brief).

PER CURIAM

 Plaintiff, D&P Construction, Inc., a snowplow contractor,

appeals from the Law Division's orders granting summary judgment

in favor of defendant, Phillipsburg Mall, LLC, and dismissing
plaintiff's complaint with prejudice.1 Plaintiff performed snow-

plowing services on defendant's property pursuant to a written

agreement with defendant's maintenance contractor. When the

maintenance contractor failed to pay its invoices, plaintiff filed

suit against defendant only, alleging breach of contract and unjust

enrichment. Judge John H. Pursel rejected plaintiff's contentions

as a matter of law, finding no privity of contract to support a

breach of contract claim and no reasonable "expect[ation of]

remuneration from defendant" to support an unjust enrichment

claim.

 Plaintiff argues on appeal that the motion judge erred in

granting summary judgment on the breach of contract claim by

refusing to consider properly certified facts in its verified

1
 Plaintiff's notice of appeal states it is appealing only the
December 1, 2015 order that dismissed its claim for unjust
enrichment. Its case information statement alludes to the court's
October 23 order, denying plaintiff's motion for reconsideration
of the court's August 25 order, which granted defendant summary
judgment on plaintiff's breach of contract claim. Plaintiff's
appellate brief asks this court to review the August 25 order in
addition to the December 1 order. Defendant objects. We could
reject plaintiff's argument on the basis the October and August
orders were not identified in the notice of appeal. See, e.g.,
Campagna ex rel. Greco v. Am. Cyanamid Co., 337 N.J. Super. 530,
550 (App. Div.) (refusing to consider order not listed in notice
of appeal), certif. denied, 168 N.J. 294 (2001); Sikes v. Twp. of
Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.) (issue raised
in brief but not designated in notice of appeal not properly before
court), aff'd o.b., 138 N.J. 41 (1994). We choose, however, to
consider both orders for the purpose of completeness.

 2 A-1965-15T1
complaint that were sufficient to support liability on a theory

of agency. Plaintiff also asserts the trial court erred when it

granted summary judgment on its unjust enrichment claim by adding

an element of "expected remuneration" into its analysis of that

claim. We disagree with both contentions and affirm.

 The material facts were generally undisputed, and when viewed

in the light most favorable to plaintiff, can be summarized as

follows. On December 10, 2013, Michael Fonesca, one of plaintiff's

"partners," was approached by defendant's representatives, Adam

Smith and, later, Mark Snediker, after plowing snow in a parking

lot near defendant's property. Smith and Snediker requested

immediate assistance in removing snow at defendant's property

across the street. Fonesca agreed and arranged for plaintiff's

snowplows to clear the snow as requested.

 Thereafter, another principal of plaintiff, Michael Mancino,

had an onsite meeting with Snediker to discuss future snow-removal

services for defendant's premises for the 2013-2014 winter. Bill

Mende, a representative of defendant's maintenance contractor,

Alkyha Defense and Logistics Inc. (Alkyha), also attended the

meeting. Snediker explained to Mancino that Alkyha was defendant's

contractor responsible for snow removal services at defendant's

properties. After the meeting, plaintiff and Alkyha entered into

a written contract that required plaintiff to provide snow removal

 3 A-1965-15T1
services at defendant's property and bill Alkyha, who was solely

responsible for payment. The agreement specified that plaintiff

was prohibited from seeking payment from defendant, or even

contacting defendant about any "billing dispute."

 Plaintiff provided snow removal services pursuant to the

contract at defendant's premises on sixteen occasions, and

submitted invoices to Alkyha totaling $149,502.50. Alkyha never

paid the amount owed or disputed the invoices or its obligation

to pay the outstanding amounts. After Alkyha's nonpayment,

plaintiff terminated the contract with Alkyha and sent all the

invoices to defendant, demanding payment for services rendered on

its property. Defendant did not reply to plaintiff's demand.

 Plaintiff filed a complaint against defendant only, asserting

claims for breach of contract and unjust enrichment.2 In July

2015, defendant moved for partial summary judgment with respect

to plaintiff's breach of contract claim, asserting that admissions

in plaintiff's pleadings acknowledged there was no contractual

privity between the parties. Plaintiff opposed the motion, relying

on the contents of its verified complaint and arguing that

2
 Danielle Mancino, who stated she was an "Officer and Owner of
. . . Plaintiff," verified the allegations of the complaint. Ms.
Mancino did not attend or participate in any of the meetings
between plaintiff, Alkyha, and defendant, as alleged in the
complaint.

 4 A-1965-15T1
defendant held Alkyha out as its agent and Alkyha acted with

apparent authority to bind defendant to the contract between

plaintiff and Alkyha. Defendant responded by contending that an

agent cannot act with apparent authority where there is a contract

"between the contractor and the subcontractor[,] and the

relationship between the owner and the contractor is clearly

defined by a separate contract."

 Judge Pursel rejected plaintiff's argument and entered an

order on August 25, 2015, granting defendant's motion for partial

summary judgment. In his accompanying written statement of

reasons, the judge explained, "It is undisputed that no contract

exists between the parties" and "[p]laintiff has furnished no

probative evidence of an agency relationship between the defendant

and Alkyha that would give rise to liability in contract." Judge

Pursel rejected plaintiff's reliance upon its verified complaint

as to what the parties represented to each other at their meetings

because it was verified by Danielle Mancino "who [was] not alleged

to have been a party to the dealings between plaintiff and

defendant." The judge concluded, "no genuine issues of material

fact remain" because "[p]laintiff . . . failed to present any

probative evidence of the alleged dealings between itself and

defendant."

 5 A-1965-15T1
 Plaintiff filed a motion for reconsideration arguing,

"Defendant held Alkyha out as its agent and is responsible for the

contractual commitments it made to" plaintiff and that the facts

alleged in its verified complaint have been unopposed by defendant.

Defendant opposed this motion. On October 23, 2015, Judge Pursel

denied plaintiff's motion for reconsideration. In his written

statement of reasons, the judge acknowledged that "[t]he presence

or absence of a contractual relationship is not in itself

indicative of agency." The judge re-asserted that Danielle Mancino

could not provide any evidence because "she is not alleged to have

been a party to dealings between Plaintiff and Defendant" and,

therefore, she could not provide evidence of the alleged agency

relationship. He explained, "Plaintiff offer[ed] no new

information or evidence that was not available to the [c]ourt at

the time it made its decision." The judge concluded that he was

"not persuaded [his original] decision was based upon a palpably

incorrect or irrational basis or failure to appreciate the

significance of probative, competent evidence."

 After the judge granted defendant's motion for partial

summary judgment, but before he decided the reconsideration

motion, Fonseca testified at a deposition. Fonesca acknowledged

plaintiff's contract was with Alkyha, admitted he communicated

almost exclusively with Alkyha, and rarely spoke with defendant's

 6 A-1965-15T1
representatives. He also admitted he never talked to defendant's

principals about payment until after Alkyha refused to remit

payment. According to Fonseca, Mende hired plaintiff, and Mende

provided direction throughout the snow removal project. Fonseca

acknowledged that defendant paid Alkyha several of the installment

payments on the contract between defendant and Alkyha.

 After Fonesca's deposition, defendant filed another motion

for summary judgment, seeking the dismissal of plaintiff's

remaining unjust enrichment claim. Defendant argued that where a

remedy at law exists – in the form of a breach of contract claim

against Alkyha – the equitable claim of unjust enrichment cannot

be pursued. Plaintiff opposed the motion advancing a quasi-

contract theory and arguing that defendant was unjustly enriched

by receiving the benefit of plaintiff's services. Plaintiff filed

the certification of Michael Mancino in which he stated that

Snediker explained to him "the terms and rates for [plaintiff's]

services would be established through a contract with

[plaintiff's] designated contractor, [Alkyha]." He then met with

Mende at plaintiff's facilities and signed an agreement to perform

the snowplowing services with Alkyha. Defendant responded,

asserting there was no "evidence that [p]laintiff expected

compensation from . . . defendant at the time [p]laintiff conferred

the benefit . . . ."

 7 A-1965-15T1
 Judge Pursel granted defendant's motion, explaining in a

written statement of reasons, that "[p]laintiff . . . presented

no evidence that it expected remuneration from defendant, as all

evidence suggests plaintiff knew its contract was with Alkyha, and

only sought payment from defendant when payment from Alkyha was

not forthcoming." The judge noted, "plaintiff had an express

contract with Alkyha and plaintiff's legal remedy is found in a

breach of contract action against Alkyha." Citing Callano v.

Oakwood Park Homes Corp., 91 N.J. Super. 105, 110 (App. Div. 1966),

the judge explained, "plaintiff is not entitled to employ the

legal fiction of quasi-contract to 'substitute one promisor or

debtor for another.'" Judge Pursel also stated that the equitable

remedy of unjust enrichment "cannot be imposed when there remains

a legal remedy to be pursued." Accordingly, he concluded, "that

there are no issues of fact having any bearing on plaintiff's

claim for unjust enrichment and defendant is entitled to judgment

as a matter of law."

 Judge Pursel entered the court's order on December 1, 2015.

This appeal followed.

 We review the grant of summary judgment by applying the "same

standard as the motion judge." Globe Motor Co. v. Igdalev, 225

N.J. 469, 479 (2016) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38

(2014)).

 8 A-1965-15T1
 That standard mandates that summary judgment
 be granted "if the pleadings, depositions,
 answers to interrogatories and admissions on
 file, together with the affidavits, if any,
 show that there is no genuine issue as to any
 material fact challenged and that the moving
 party is entitled to a judgment or order as a
 matter of law."

 [Templo Fuente De Vida Corp. v. Nat'l Union
 Fire Ins. Co., 224 N.J. 189, 199 (2016)
 (quoting R. 4:46-2(c)).]

"When no issue of fact exists, and only a question of law remains,

[we] afford[] no special deference to the legal determinations of

the trial court." Ibid. (citing Manalapan Realty, L.P. v. Twp.

Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

 Turning to plaintiff's arguments, it first contends Judge

Pursel erred in granting partial summary judgment on its breach

of contract claim because he refused to consider facts in

plaintiff's complaint that supported an agency theory of

liability. Plaintiff argues that Alkyha was acting with apparent

authority on behalf of defendant when it entered into a contract

with plaintiff, and that plaintiff sufficiently pled these facts

in its complaint. Plaintiff also contends the judge erred in

making the factual finding that defendant contracted with Alkyha

for snow removal services because an entity other than defendant

had a contract with Alkyha.

 9 A-1965-15T1
 Plaintiff also challenges the motion judge's granting of

defendant's motion for summary judgment on its claim for unjust

enrichment. According to plaintiff, it "conveyed a substantial

benefit upon [d]efendant . . . for which it has received not a

penny." Relying upon Callano, supra, 91 N.J. Super. at 108, for

the proposition that "a person shall not be allowed to enrich

himself unjustly at the expense of another," plaintiff argues

courts "allow recovery in quasi-contract when one party has

conferred a benefit on another, and the circumstances are such

that to deny recovery would be unjust." It also argues the motion

judge "improperly added an element of 'expected remuneration'" to

the analysis of its unjust enrichment claim because it contradicts

Michael Mancino's certification that stated plaintiff expected it

would be paid for its services by defendant through Alkyha. In

explaining defendant's property is a large shopping mall,

plaintiff contends, "it is obvious that neither . . . [d]efendant

nor any contractor would expect a service to be provided at the

property without proper compensation." Moreover, plaintiff states

it is "mere common sense that when . . . [p]laintiff was not paid

for its snow removal services from Alkyha, . . . [p]laintiff would

look to . . . [d]efendant as the owner of the property to pay for

the services that directly benefited the property and its

commercial operation."

 10 A-1965-15T1
 We find plaintiff's arguments to be without sufficient merit

to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We affirm substantially for the reasons stated by Judge Pursel in

his thoughtful statements of reasons accompanying the orders

granting defendant summary judgment. We add only the following

brief comment.

 Contrary to plaintiff's assertions, Judge Pursel properly

considered whether there was any evidence that plaintiff expected

remuneration for defendant. To prove a claim for unjust

enrichment, a party must demonstrate that the opposing party

"received a benefit and that retention of that benefit without

payment would be unjust." Iliadis v. Wal-Mart Stores, Inc., 191

N.J. 88, 110 (2007) (quoting VRG Corp. v. GKN Realty Corp., 135

N.J. 539, 554 (1994)). "That quasi-contract doctrine also

'requires that plaintiff show that it expected remuneration from

the defendant at the time it performed or conferred a benefit on

defendant and that the failure of remuneration enriched defendant

beyond its contractual rights.'" Ibid. (quoting VRG Corp., supra,

135 N.J. at 554) (emphasis added). Plaintiff's contract with

Alkyha and Fonesca's testimony support the finding that plaintiff

had no expectation of remuneration from defendant when it rendered

its services.

 Affirmed.

 11 A-1965-15T1