**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0570-18T2

U.S. BANK NATIONAL
ASSOCIATION AS TRUSTEE
FOR CMALT REMIC SERIES
2007-A2-REMIC PASS-THROUGH
CERTIFICATES SERIES 2007-A2,

      Plaintiff-Respondent,

v.

ASAD AHMED, MRS. ASAD AHMED,
his wife, MR. SHEIKH, husband of
MUZAMIL SHEIKH, OSBALDO
RODRIGUEZ, STATE OF NEW JERSEY,
and UNITED STATES OF AMERICA,

      Defendants,

and

MUZAMIL SHEIKH,

      Defendant-Appellant.

_____

      Argued September 23, 2019 – Decided October 3, 2019

      Before Judges Fasciale and Moynihan.

On appeal from the Superior Court of New Jersey, Chancery Division, Passaic County, Docket No. F-033899-15.

Rajeh A. Saadeh argued the cause for appellant (The Law Office of Rajeh A. Saadeh, LLC, attorneys; Rajeh A. Saadeh, Branka Banic, and Stilianos Michael Cambilis, on the briefs).

Rajan Patel argued the cause for respondent.

PER CURIAM

Defendant Muzamil Sheikh (Sheikh) appeals from an August 24, 2018 final foreclosure judgment obtained by plaintiff U.S. Bank National Association as Trustee for CMALT REMIC Series 2007-A2 - REMIC Pass-Through Certificates Series 2007-A2 (US Bank).[1] The judgment prioritized US Bank's mortgage lien over any interest that Sheikh had held in the property. US Bank obtained the judgment after the court entered a January 20, 2017 order granting its motion for summary judgment. Defendant challenges both orders. On appeal, Sheikh argues:

> POINT I
> REFORMATION OF THE MORTGAGE IS NOT WARRANTED BECAUSE 1) THERE WAS NO

---

[1] CMALT REMIC Series 2007-A2 - REMIC Pass-Through Certificates Series 2007-A2 is a class of certificates consisting of pooled mortgage loans controlled and offered by US Bank.

MUTUAL MISTAKE OF [CitiMortgage, Inc. (CMI)[2]] AND [SHEIKH], 2) THERE WAS NO UNILATERAL MISTAKE OF CMI COUPLED WITH FRAUD OR UNCONSCIONABLE CONDUCT OF ANY DEFENDANT, AND 3) THE "MISTAKE" IS SOLELY THE RESULT OF CMI & ITS TITLE INSURANCE COMPANY'S NEGLIGENCE.

POINT II
[US BANK]'S REQUEST FOR MERGER IS DEVOID OF FACTUAL AND LEGAL MERIT, AND THE HOLDING OF REIBMAN V. MYERS, 451 N.J. SUPER. 32 (APP. DIV. 2017) THAT A POSSESSORY INTEREST IN REAL ESTATE IS A LESSER FORM OF, AND THEREFORE CAN MERGE INTO, AN OWNERSHIP INTEREST MUST BE CORRECTED.

POINT III
[SHEIKH]'S POSSESSORY INTEREST IN THE PROPERTY IS SUPERIOR TO [US BANK]'S MORTGAGE.

POINT IV
THE MATRIMONIAL SETTLEMENT AGREEMENT IS CONSISTENT WITH THE POSITIONS ALWAYS ASSERTED BY [SHEIKH] AND SHOULD HAVE DEFEATED THE GROUNDS UPON WHICH [US BANK] ATTEMPTED TO SUBJECT HER INTEREST IN THE PROPERTY TO THE MORTGAGE.

POINT V
SUBROGATING [SHEIKH]'S INTEREST IN THE PROPERTY TO [US BANK]'S MORTGAGE IS BOTH INEQUITABLE AND LEGALLY IMPERMISSIBLE.

---

[2] CMI assigned the mortgage to US Bank.

A-0570-18T2

We affirm, concluding that these arguments are without merit to warrant discussion in a written opinion. R. 2:11–3(e)(1)(E). We nevertheless add these remarks.

In 2004, Asad Ahmed (Ahmed) purchased property (the property) in his name alone. Thereafter, he and Sheikh, his then wife, moved into the property as their marital residence. In 2007, Sheikh, by inadvertence or mistake, did not sign a refinance mortgage that Ahmed obtained.[3] Eighteen months later, Sheikh obtained a fee interest in the property when Ahmed conveyed the property to himself and Sheikh as husband and wife. In 2013, they obtained a final judgment of divorce.

Sheikh maintains that she acquired a "colorable" possessory interest when she moved into the property, which she argues is superior to US Bank's mortgage. Sheikh contends that this interest is independent of her marital and fee interest that she obtained. She concludes that her "colorable" interest remains, and that it was not extinguished by the divorce or merger of her ownership interest.

Sheikh had constructive notice of the preexisting mortgage when she acquired her fee interest in the property. See N.J.S.A. 46:26A-12(a) (stating

---

[3] US Bank was assigned this mortgage before it filed this complaint.

A-0570-18T2

"[a]ny recorded document affecting the title to real property is, from the time of recording, notice to all subsequent purchasers, mortgagees and judgment creditors of the execution of the document recorded and its contents"). As such, her fee ownership was subject to US Bank's mortgage. Sheikh did not contest this legal point on the summary judgment record.

As a spouse, Sheikh enjoyed a possessory interest in the property. See N.J.S.A. 3B:28-3. But that interest was subject to US Bank's mortgage. See N.J.S.A. 3B:28-3.1 (stating "[t]he right of joint possession to the principal matrimonial residence as provided in N.J.S.[A.] 3B:28-3 is subject to the lien of a mortgage, irrespective of the date when the mortgage is recorded . . . . "). US Bank's recorded mortgage is superior because the recordation was prior to Sheikh's acquisition of her possessory interest. Additionally, her fee interest extinguished her marital possessory right. See Reibman v. Myers, 451 N.J. Super. 32, 45 (App. Div. 2017). But even if her marital possessory right survived the acquisition of her fee interest, it was extinguished by the final judgment of divorce. See N.J.S.A. 3B:28-3(c) (stating "[t]he right of joint possession shall be extinguished by . . . judgment of divorce . . . .").

In arguing that her "colorable" interest is independent and survives her fee simple title, Sheikh analogizes her "colorable" right to a leasehold interest. But

Sheikh was never a tenant, and even if she was, such a tenancy would have ceased upon obtaining a fee interest in the property. Sheikh's deed, which she acquired by her fee interest, did not disclaim the enforceability of US Bank's mortgage.

Sheikh's marital possessory interest was a lesser estate, which merged into the greater estate of fee ownership. See Reibman, 451 N.J. Super. at 45. There is no basis to conclude that Sheikh's "colorable" interest differs from her marital possessory interest such that it would not be subject to merger under Reibman. Even if it did not merge, which is not the case, Sheikh did not record her "colorable" right prior to the recordation of US Bank's mortgage. Therefore, it cannot be superior. See N.J.S.A. 46:26A-12 (a) and (c).

The marital settlement agreement (MSA) between Ahmed and Sheikh, which is not binding on US Bank, is dated six years after the mortgage was made. Indeed, the MSA treated the mortgage as superior to Sheikh's interest in the property. The MSA not only acknowledged the outstanding mortgage on the property, which was in default, but provided that "[t]he parties do not plan to pay the mortgage and at some point in the future whether in default or during the foreclosure process, they will list the property for sale through a mutually acceptable realtor."

"[W]henever a greater estate and a lesser estate coincide in the same person . . . the lesser estate merges into the greater[.]" Anthony L. Petters Diner, Inc. v. Stellakis, 202 N.J. Super. 11, 19 (App. Div. 1985) (quoting Contos v. Lipsky, 433 So. 2d 1242, 1244 (Fla. Dist. Ct. App. 1983)). "The presumption of merger is rebuttable and may always be overcome if the intention that there be no merger is 'expressly declared.'" Id. at 18 (quoting Gimbel v. Venino, 135 N.J. Eq. 574, 576 (Ch. 1944)). The parties' intentions generally determine whether two property interests will merge. Ibid. (citing Estate of Colquhoun v. Estate of Colquhoun, 88 N.J. 558, 565 (1982)). Regardless of whether her interests merged, Sheikh failed to record her possessory interest.

These undisputed facts render the equitable remedies moot. But under the facts of this case, equity provides additional reasons to affirm the orders under review. US Bank raised three: reformation, an equitable lien, and equitable subrogation.

Reformation is required to avoid an unconscionable result. It is undisputed that after Ahmed obtained an earlier mortgage on the property, he refinanced, which encumbered the property with a mortgage. Despite having not signed that mortgage, Sheikh was subject to it under N.J.S.A. 3B:28-3.1(a) and (c). The failure to include Sheikh on the refinance mortgage was a mistake,

and without reformation, Sheikh would have received the benefit of the discharge of the previous mortgage that had encumbered her possessory right while still maintaining superior possessory title.

An equitable lien, which exists here, may be created as to specific property either then existing or afterwards acquired when equity or conscience so requires.  In re Estate of Hoffman, 63 N.J. 69, 77 (1973).  Equitable remedies are flexible in that judges have "broad discretionary power to adapt equitable remedies to the particular circumstances of a given case."  Marioni v. Roxy Garments Delivery Co., Inc., 417 N.J. Super. 269, 275 (App. Div. 2010). "[U]njust enrichment may constitute a ground for imposing an equitable lien." VRG Corp. v. GKN Realty Corp., 135 N.J. 539, 548 (1994) (citing to Callano v. Oakwood Park Homes Corp., 91 N.J. Super. 105, 108 (App. Div. 1966)).

Sheikh has enjoyed the refinancing mortgage's benefits.  That is, the proceeds from the refinance were used to pay off the first mortgage on the property.  Even though Sheikh did not sign the refinancing mortgage, she still received benefits from it.  It would unjustly enrich Sheikh if she were to enjoy these benefits while still maintaining first priority on the property.  As Judge Mongiardo noted, "if she were to walk away with this property totally unencumbered because she happened to live there at some point in time as her

marital residence, . . . she winds up getting a benefit, and she did nothing to get that benefit."

"Subrogation is an equitable remedy by which a surety, upon performance, is placed in the position of the creditor with respect to that creditor's rights and available securities." Montefusco Excavating & Contracting Co., Inc. v. Middlesex Cty., 82 N.J. 519, 523 (1980) (citing Ambassador Ins. Co., v. Montes, 76 N.J. 477, 484 (1978)). "When a lender advances money to pay off a mortgage, the new mortgagee may be subrogated to the priority rights of an old mortgagee by assignment or by express agreement with the debtor or creditor." Metrobank For Sav., FSB v. Nat'l Cmty. Bank, 262 N.J. Super. 133, 143 (App. Div. 1993).

In Reibman, the new lender of the home mortgage was entitled to be equitably subrogated to the same position as the previous mortgagee; the non-titled wife's statutory possessory interest was subordinate to the mortgage. 451 N.J. Super. at 47. Despite the wife in Reibman having not signed the mortgage, her interest was subordinated to the interest of the new lender. Id. at 42. The judge noted that "[p]laintiff benefited from, acquiesced to, and ratified the [original] mortgage loan. Plaintiff was an equitable mortgagor under [the original lender], and her interest in the premises was subject to the [original]

mortgage loan, and the [original] mortgage loan was equitably reformed to include plaintiff as a mortgagor." Ibid.

Similar to Reibman, Sheikh is an equitable mortgagor under the refinance mortgage. Although she did not sign the original mortgage nor any of the subsequent paperwork, she received the benefit of the mortgage. The refinancing paid off the original mortgage where they lived prior to the divorce. Sheikh not only acknowledged the existence of the refinance mortgage in the MSA, but further, she recognized that both parties to the agreement were obligated to pay the mortgage, thus ratifying and acquiescing to the mortgage. US Bank, the successor to the refinance mortgage, is equitably subrogated to the position of the original mortgage lender.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0570-18T2