**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2718
_____

ROBERT SWIFT,
                                        Appellant

v.

BHUWAN PANDEY;
RAMESH PANDEY;
XECHEM-(INDIA) PVT LTD

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:13-cv-00650)
District Judge:  Honorable Brian R. Martinotti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 24, 2024
Before:  HARDIMAN, PORTER, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed February 11, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Robert Swift, proceeding pro se, appeals the amended final judgment in this matter, which dismissed all of the claims in his civil action with prejudice. For the following reasons, we will modify the District Court's judgment and affirm the judgment as modified.

Swift filed this diversity action against Ramesh Pandey, his brother Bhuwan Pandey, and Xechem-(India) PVT, Ltd. ("XI"). The complaint[1] alleged generally that the Pandeys were executives and officers of both Xechem International, Inc. ("Xechem") and XI, and that, at bankruptcy auction, Swift purchased all "right, title, and interest in any and all assets" of both businesses. ECF No. 85 at 2. Prior to the bankruptcy, Xechem transferred $977,394 to XI, allegedly under the guise of a loan. The Pandeys used the funds for their personal benefit, and the loan was never paid back to Xechem. The complaint further alleged that XI was not a subsidiary of Xechem, as its SEC filings indicate, but was merely a conduit for the Pandeys' personal finances and business transactions. Swift asserted claims for quantum meruit and unjust enrichment against all three defendants.

After protracted discovery and motion practice, the District Court held a bench trial on the matter in August 2022. At the close of Swift's case, the District Court granted judgment in favor of the Pandeys pursuant to Federal Rule of Civil Procedure

---

[1] The operative complaint is the third amended complaint. See ECF No. 85.

52(c).  See ECF No. 481.  Swift appealed.[2]  The District Court entered an amended final judgment on November 28, 2023, dismissing all claims against all parties with prejudice. Swift filed an amended notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Where, as here, a district court enters judgment on partial findings pursuant to Rule 52(c), we review its findings of fact for clear error and its conclusions of law de novo.  See Rego v. ARC Water Treatment Co. of Pa., 181 F.3d 396, 400 (3d Cir. 1999).

We first note that Swift has forfeited review of the "issues" and "rulings" listed, but not addressed, in his brief, see Appellant's Br. at 2, 9.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Fed. R. App. P. 28).  We further note that Swift did not file a supplemental brief after the amended judgment, thereby forfeiting any challenge to the District Court's dismissal of the claims against XI.  As discussed below, his remaining arguments were largely rendered moot by the amended judgment.

We begin with Swift's argument that the District Court misapplied New Jersey law on unjust enrichment.  See Pro Se Br. at 10.  Swift claimed that Xechem loaned

---

[2] We stayed the appeal and remanded for consideration of Swift's timely motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e), which sought an amended judgment reflecting, inter alia, a default judgment against XI that the District Court orally granted at trial.  See ECF no. 482.  The District Court subsequently determined that XI was not properly served, and that it thus lacked personal jurisdiction over XI; it vacated its grant of default judgment, and dismissed all claims against XI with prejudice.  See ECF Nos. 513 & 514.

3

$977,394 to XI, expecting repayment. He maintained that the loan was not repaid, and that the money was used only for the Pandeys' benefit, thereby resulting in their unjust enrichment.[3] At trial, Swift sought to impose liability on the Pandeys under a theory of either piercing the corporate veil or tort participation.

The District Court explained that there are two elements to an unjust enrichment claim which a plaintiff must establish: first, that the defendant received and retained a benefit, and that retention of that benefit would be unjust; and second, that there was "an expected remuneration from the defendant at the time plaintiff performed or conferred a benefit on defendant, and [that] the failure of remuneration enriched defendant beyond its contractual rights." ECF No. 499 at 8 (quoting VRG Corp. v. GKN Realty Corp., 641 A.2d 519, 526 (N.J. 1994). At the close of Swift's evidence at trial, the District Court concluded that he had not satisfied the first element as to the Pandeys because he had not shown either that Xechem transferred money directly to them, or that XI transferred any portion of the money to them. It further found that Swift had failed to establish the second element as to XI, because there was no evidence that Xechem expected remuneration from XI. The District Court therefore found that Swift's claims for unjust enrichment failed against all defendants.

---

[3] Swift also claimed that the Pandeys were unjustly enriched because Xechem paid Ramesh Pandey $5,000 based on his agreement to convey 66 2/3% of XI to Xechem, but Ramesh failed to transfer the property. During the trial, the parties reached a settlement on this issue pursuant to which the Pandey defendants agreed to transfer any and all rights and title in XI to Swift. See ECF Nos. 497 at 53, 62; 511 at 9; 512.

4

On appeal, Swift claims that the District Court erred by requiring him to show an expectation of remuneration at the time that Xechem transferred the money to XI, rather than when Xechem discovered "the tort," i.e., that "the money was stolen." Pro Se Br. at 10-11 (citing Callano v. Oakwood Park Homes Corp., 219 A.2d 332, 334-35 (N.J. Super Ct. 1966) (noting that liability for unjust enrichment may be found where "the plaintiff expected remuneration from the defendant, or if the true facts were known to plaintiff, he would have expected remuneration from defendant, at the time the benefit was conferred"). He also argues that this alleged error had a "domino effect" in that the District Court relied on the lack of expected remuneration in declining to pierce the corporate veil and hold the Ramseys personally liable for XI's tort.

We need not consider whether the District Court erred in its unjust enrichment determination against XI because, as previously noted, XI was ultimately dismissed for lack of personal jurisdiction. Moreover, the doctrine of piercing the corporate veil is not a theory, but rather an equitable remedy for an underlying corporate wrong. See ECF No. 26 at 21-22; see also Verni ex rel. Burstein v. Harry M. Stevens, Inc., 903 A.2d 475, 498 (N.J. Super. Ct. App. Div. 2006) (noting that "piercing the corporate veil is not technically a mechanism for imposing 'legal' liability, but for remedying the 'fundamental unfairness [that] will result from a failure to disregard the corporate form'") (quoting Trs. of the Nat'l Elevator Indus. Pension, Health Benefit & Educ. Funds v. Lutyk, 332 F.3d 188, 193 (3d Cir. 2003)). Thus, contrary to Swift's argument on appeal,

5

"before invoking an alter ego theory to pierce the corporate veil, evidence must first establish an independent basis to hold the corporation liable." Sean Wood, L.L.C. v. Hegarty Grp., Inc., 422 N.J. Super. 500, 518, 29 A.3d 1066, 1077 (App. Div. 2011). Because the issue of XI's liability is not before us, we have no occasion to consider the propriety of the doctrine of piercing the corporate veil in this case. However, we will modify the District Court's amended judgment to reflect that its dismissal of the claims against XI is *without prejudice* and that its judgment on the merits is for the Pandeys only. *Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022) (explaining that a dismissal on jurisdictional grounds must be without prejudice).

Swift next maintains that the District Court erred in requiring him to show that the Pandeys personally benefitted from the $977,394 in order to establish his unjust enrichment claims against them. He had argued that the Pandeys were liable under the "tort participation theory," which recognizes that corporate officers may be liable for tortious conduct regardless of whether they personally benefitted from their wrongful acts. See Saltiel v. GSI Consultants, Inc., 788 A.2d 268, 303-04 (N.J. 2002); see also Allen v. V & A Bros., 26 A.3d 430, 443 (N.J. 2011) (noting that the "essential predicate for application of the [participation] theory is the commission by the corporation of tortious conduct"). But the District Court properly concluded that Swift had failed to plead a tort claim, and that the Pandeys could not be held liable under the participation theory based on a quasi-contractual claim like unjust enrichment. ECF no. 499 at 14-15.

6

The New Jersey courts have recognized that "the role of unjust enrichment in the law of torts is limited for the most part to its use as a justification for other torts such as fraud or conversion," and that "[t]o establish unjust enrichment as a basis for quasi-contractual liability, a plaintiff must show [ ] that the defendant received a benefit." Castro v. NYT Television, 851 A.2d 88, 98 (N.J. Super. Ct. App. Div. 2004). Therefore, the District Court did not clearly err in dismissing the unjust enrichment claims against the Pandeys.

Based on the foregoing, we will modify the District Court's judgment and affirm the judgment as modified.